JOHN LEE, Respondent, v. GEORGE C. PORTER, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. STATUTE OF FRAUDS—PLEADING—NOVATION.—A novation is a substitution. Such arrangement is not within the statute of frauds, because, by the substitutionary arrangement, the promisor but pays off his own debt.

2. NOVATION—ELEMENTS OF.—But it is of the essence of a novation that all three of the parties should assent thereto. *Without such concurrence* it could make no difference that one of the parties surrendered and delivered up his claim to one of the three parties owing him, for still it is not a novation. 1 Parsons on Cont. 221, (7th Ed.) ; *Murphy v. Hanrahan*, 50 Wisconsin, 489. Such promise to bind the new party must, of course, be absolute ; or, if on condition, such condition must be performed before the action will lie on the promise.

3. PRACTICE—INSTRUCTIONS.—In no other way, under the code, can errors of law of the trial judge be reviewed, than by asking declarations of law. *Cunningham v. Snow*, Sup. Ct. of Mo., not yet reported.

APPEAL from Howard Circuit Court, HON. G. H. BURCKHARTT, J.

*Reversed and remanded.*

Statement of case by the court.

The petition in this case contains two counts. The first count sets out the following facts, in substance : That in September, 1882, the defendant Porter was indebted to one John L. Canole in a sum in excess of $216.00, and Canole was indebted to plaintiff in the sum of $216, evidenced by a promissory note. That plaintiff and said Canole requested defendant to pay plaintiff said sum of $216.00; and that defendant agreed that if plaintiff would obtain from said Canole an order on defendant therefor, he (defendant) would pay the sum to plaintiff ; that plaintiff, relying thereon, procured from said Canole said order, and thereupon surrendered to Canole the note he held against him, which said order he then presented to defendant, and demanded payment thereof ; but defendant refused to pay the same. The petition asks judgment against defendant for said sum.

The second count alleges that on the 12th day of September, 1882, the defendant was indebted to plaintiff in the sum of $216.00, for so much money had and received of plaintiff, which he promised to pay, but refused to do so on request. Judgment is then prayed therefor.

The answer was a general denial.

The cause was tried before the court without the intervention of a jury.

The plaintiff offered evidence tending to show that said Canole had sold to defendant some wheat, the purchase money for which was more than the said sum of $216.00; and that being anxious to secure the payment of the note owing him by Canole he applied to Porter to aid him in collecting the same. Whereupon Porter told him, if he would obtain from Canole an order on defendant for that amount, he would pay it. But before any such order was produced a controversy arose between defendant and Canole about the wheat proving to be damaged when shipped to market, and defendant demanded some reduction on account thereof from the contract price agreed upon between him and Canole.

Plaintiff then testified, on cross-examination, that thereupon he and Canole went to see defendant at his office, when Porter said to them, that if Canole would give plaintiff an order on him (defendant) he would pay it to plaintiff; but with the understanding that Canole agreed to the settlement proposed by Porter concerning the wheat. Canole said he would see his lawyer about that, and went off. Plaintiff then asked defendant to pay him his money and let him out, when defendant again called Canole back, and Canole said he would not give an order until he came back from interviewing his lawyer.

Plaintiff admitted that he had gone to Canole and offered him the whole amount of money for Porter which Porter was willing to settle for, and seems to have made no claim then that $216.00 of the sum was owing him by defendant.

Defendant's evidence tended to show that his promise to accept the order was conditioned on Canole's consenting that if he accepted the order, the controversy between them about the wheat was settled on the terms he had proposed, and that Canole never consented thereto. On this state of the proof, the court declared the law to be as follows:

"If the court, sitting as a jury, shall find that the defendant was indebted to one John Canole in a sum larger than 216 dollars, and that said Canole owed plaintiff 216 dollars, and that defendant promised said Canole and plaintiff, or either of them, that, if plaintiff would procure an order from Canole to the defendant to pay plaintiff 216 dollars out of the money he then owed Canole, and that plaintiff did procure such order to defendant, and gave up, or surrendered, to Canole the note plaintiff held against said Canole for 216 dollars, and in a day or two thereafter, and while defendant still owed Canole a larger sum of money, presented said order to the defendant and demanded payment thereof, and that the defendant failed to pay said sum of money, or any part thereof, they must find for the plaintiff, on the first count of the petition, the sum of 216 dollars, with six per cent. per annum interest, from the date of said order, 12th of September, 1882."

Also :

"If the court, sitting as a jury, believe from the evidence, that on, or about, the 10th of September, 1882, the defendant was indebted to one John L. Canole in the sum of 216 dollars, or over, and that said Canole was indebted to the plaintiff in the sum of $216.00, and that plaintiff and said Canole requested defendant to pay said plaintiff said last mentioned sum of money, out of the money defendant owed said Canole, and that defendant then promised plaintiff, and said Canole, or either of them, that, if plaintiff would procure an order from said Canole to defendant to pay plaintiff said sum of money due plaintiff from said Canole, he, the defendant, would pay the said sum of money to plaintiff, and that plaintiff did, on the 12th of September, 1882, obtain such order from said Canole to defendant, for said sum of two hundred and sixteen dollars, and gave up and surrendered to Canole his note for said sum, and that plaintiff, on or about the date last mentioned, presented said order to defendant; and that defendant still owed said Canole 216 dollars, and that defendant failed and refused to pay said 216 dollars to plaintiff, the jury will find for the

plaintiff, under the first count of the petition, 216 dollars, with six per cent. interest from the 12th of September, 1882."

The defendant asked the following declarations of law, which the court refused to give:

"*Second.* Even though the court shall find from the evidence that the defendant agreed and promised the plaintiff to accept and pay an order upon himself, if he would procure such order from one John Canole, and that the plaintiff did procure such order, and did present the same to the defendant, and that the defendant refused to accept or pay the same, still the plaintiff cannot recover, unless said promise to accept was in writing, although he may have had in his hands, due said Canole, a greater sum than the amount called for by said order."

"*Third.* If the court believes, from the evidence, that, before the plaintiff obtained the order filed with the petition, the defendant promised to accept such order, if plaintiff would obtain one, but that the promise to accept was only upon conditions that the matters then in dispute between defendant and Canole should be first settled, and that said differences were not settled, and said condition was not complied with, then the defendant cannot be made liable, and the finding must be in his favor."

The court found the issues for the plaintiff, and rendered judgment for the sum sued for. From this judgment the defendant has appealed.

DRAFFEN & WILLIAMS, for the appellant.

I. The action is upon an alleged verbal promise to accept an order to be thereafter drawn. The order filed with the petition is an inland bill of exchange, and is governed by the rules relating to such instruments. *Taylor v. Newman*, 77 Mo. 257; *Clements v. Yeates*, 69 Mo. 623; *Rousch v. Duff*, 35 Mo. 312; *Cook v. Baldwin*, 120 Mass. 317; *Chapman v. White*, 6 N. Y. 412.

II. No action can be maintained in this state upon a verbal promise to accept such an order. *Fluto v. Mulhall*, 4 Mo. App. 476; *Ib.* 72 Mo. 522; *Brinkman v.*

*Hunter*, 73 Mo. 172. The fact that a note was given up to the drawer of the order, is immaterial; the drawer was still bound for the amount if not accepted. *Fluto v. Mulhall*, 4 Mo. App. 476.

III. The court erred in refusing defendant's third declaration of law. It was to the effect that defendant's promise was conditional, and it was based upon abundant evidence. If the promise was conditional, and the condition was not complied with, plaintiff could not recover. *Ford v. Anglerodt*, 37 Mo. 50. The defence of conditional promise was competent under the pleadings. (General denial). *Stewart v. Goodrich*, 9 Mo. App. 125.

IV. The court erred in giving the instructions asked by plaintiff. They ignore the defense raised by defendant's evidence. They omit entirely the question as to whether defendant's promise was conditional. *Fitzgerald v. Hayward*, 50 Mo. 516.

COSGROVE, JOHNSTON & PIGOTT, for respondent.

I. It was not necessary to allege that defendant promised in *writing* to pay the order. He only agreed to discharge his own debt *pro tanto*, and the promise is not within the statute of frauds. *Wright v. McCully*, 67 Mo. 134; *Meyer v. Lowell*, 44 Mo. 328; *Holt v. Dollarhide*, 61 Mo. 433; *Hoile v. Bailey*, 58 Wisconsin 434. And one who would avail himself of the statute of frauds must plead it, or be deemed to have waived the benefit of its provisions. *Hook v. Turner*, 22 Mo. 33; *Gardner v. Armstrong*, 31 Mo. 535; *Graff v. Foster*, 67 Mo. 512; 9 Mo. App. 225.

II. There was no error in overruling defendant's demurrer to the evidence. There is abundant testimony to sustain the allegations of the petition upon every traversable fact. And the court properly gave the instructions asked for plaintiff.

III. The court could very well and very consistently have given the third declaration of law for defendant, and at the same time found for plaintiff, so that the failure to give it, did in no wise affect the find-

ing of the court. *Ins. Co. v. Gauzhorn*, 2 Mo. App. 205; *Cooper v. Ord*, 60 Mo. 420; *Beck v. Pollard*, 55 Mo. 26.

IV. There was neither misapprehension nor misapplication of the law; the court decided the case upon the weight of evidence.

V. Defendant is estopped from denying his liability to plaintiff. The note was given up to maker in reliance on defendant's promise, and the former debt extinguished in pursuance of the agreement made between all the parties.

Opinion by PHILIPS, P. J.

1. The order drawn by Canole, in contemplation of law, is an inland bill of exchange. *Taylor v. Newman*, 77 Mo. 257. As such no action could be maintained thereon against the drawee because it was not accepted in writing, nor was there any written promise to accept it. Secs. 533 and 535 Rev. Stat.

Counsel are in error in assuming that the defendant cannot avail himself of this defence on the ground that he has not specifically pleaded it in his answer. This issue is well tendered, as to this petition, by the general denial. *Nicholas, Springer et al. v. Kleinsorge*, 83 Mo. 152.

2. If this action is maintainable at all, it is upon the ground of novation. If there was a novation Canole was absolutely discharged from his debt to plaintiff, and the defendant became the debtor of the plaintiff. In short, a novation is a substitution. Such arrangement is not within the statute of frauds, because by the substitutionary arrangement the promisor but pays off his own debt. 1 Par. on Cont. 244–249 (old ed.), pp. 217–222 (7th Ed.) But it is of the essence of a novation that all three of the parties should assent thereto. *Vanderline v. Brooks*, *ante*, p. 55. Without such concurrence it could make no difference that plaintiff surrendered his note to Canole, for "still it is not a novation." 1 Par. on Cont. 221 (7th Ed). "All of the authorities, both English and American, concur in holding that the third person in the novation contract should be

indebted to the first, and that all of three parties should concur in the agreement." *Murphy v. Hanraham*, 50 Wis. 489. Such promise, to bind the new party, must, of course, be absolute, or, if on condition, such condition must be performed before the action will lie on the promise. There is one fact, without dispute, in this record, and that is, Porter never did promise to pay plaintiff the debt of Canole, except on condition that plaintiff would obtain from Canole an order on defendant. Now it does not appear from plaintiff's evidence that Canole was present when the first interview took place between plaintiff and defendant. Canole was not present, and not consenting to the proposed arrangement, no novation then took effect. The law is well settled, I take it, that notwithstanding the defendant, when he first agreed with plaintiff to accept the order, knew nothing of any defect in the wheat and supposed he owed Canole all he demanded, yet until Canole gave the order, assenting to the arrangement, the defendant, or the plaintiff, was at liberty to rescind or retract, or otherwise modify the proposition. *Trimble v. Strother*, 25 Ohio St. 378 ; *Durham v. Bischoff et al.*, 47 Ind. 211. When plaintiff did bring Canole to defendant's office, and that seems to have been before the order was presented, the defendant, so a part of the evidence, at least, if not all, shows, distinctly informed the parties that he would not accept an order from Canole except on the understanding that the matter in controversy touching the amount owing by defendant on the wheat, was considered settled. The evidence tends to show that Canole did not accede thereto. If such be true, defendant's promise was only conditional, and that condition being neither accepted nor performed, how can plaintiff recover?

In *Edgell v. Tucker* (40 Mo. 523), the court very clearly recognize the law to be that the promise must either be absolute, or, if conditional, the condition must be performed, or the obstacle removed, before the novation is operative and binding.

3. Counsel suggest that as the trial was had before the court sitting as a jury, the presumption must be in-

dulged that the court simply decided the case upon the weight of the evidence and the credibility of the witnesses, as instructions to the court, sitting as a jury, perform no such office as in trials before the country. The instructions given and refused by the court, indicate, however, the theory of the law on which the court tried the case. In no other way, under the code, can errors of the law of the trial judge be reviewed than by asking declarations of law. *Cunningham et al. v. Snow*, Sup. Crt. of Mo., not yet reported. It is apparent (especially from the refusal to give the third instruction asked by defendant), that the learned judge who tried this case failed to recognize the distinction made in this opinion as to the essential qualities of a novation.

The judgment of the circuit court must be reversed, and the cause remanded for further proceeding in conformity herewith. All concur.