BADGER LUMBER COMPANY, Respondent, v. JOSEPH F. MEFFERT, Appellant.

### Kansas City Court of Appeals, November 19, 1894.

Novation: CONSIDERATION. A novation is a contract whereby one legal obligation is substituted for another existing one and the extinguishment of all claim against the original obligor furnishes the consideration for the undertaking of the new promisor, and without such discharge of the old debtor, there is no valid novation.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

#### STATEMENT BY GILL, J.

Omitting the formal portion, plaintiff's petition states: "That the defendant is indebted to plaintiff in the sum of two hundred and twenty-six ($226) dollars, in this: that on the twenty-sixth day of July, 1890, defendant, being indebted to one E. H. West in the sum of $226, and at the same time, the said West being indebted to plaintiff in the said sum of $226, he,

the said defendant, in consideration of his own said indebtedness to West, and in payment of the same, contracted and agreed with plaintiff to assume the said indebtedness of West to plaintiff, and agreed that if plaintiff would procure an order from West to defendant directing and authorizing defendant to pay the said amount to plaintiff, he, the said defendant, would pay the same to plaintiff. Plaintiff avers, that in pursuance to defendant's request and the agreements, as aforesaid, he did on the twenty-sixth day of July, 1890, procure from West his assent to the said agreements and his said order on defendant directing and authorizing defendant to pay the said sum of $226, to plaintiff, as aforesaid; that afterwards, to wit, on the same day, plaintiff presented to defendant said order from West directing and authorizing defendant to pay to plaintiff said amount of $226, and defendant then and there assented to the correctness of the amount and again promised and agreed to pay the same to plaintiff.'' The answer was a general denial.

In the year 1890, West, as contractor, was building a house for defendant Meffert, the lumber for which West purchased from plaintiff. When the house was about completed and plaintiff had furnished lumber to the amount of $226, the plaintiff's manager applied to West and secured an order on Meffert for the amount; and plaintiff's evidence tends to prove that Meffert admitted that he owed that sum or more to West and promised to pay the amount called for by the order. Meffert, however, denied any such positive promise and testified that he agreed to pay only so much as he might be owing West when the house was completed; and that he subsequently found that he (Meffert) was not owing West anything, except a small balance, and that, therefore, he refused to pay the plaintiff's claim. There was evidence tending to prove that the lumber

company, after securing the alleged promise from
Meffert to pay the bill, continued to regard West as
still owing the debt and that there was no understand-
ing that he (West) was discharged therefrom.

On a trial by the court, without the aid of a
jury, there was judgment for plaintiff and defendant
appealed.

*Hardwicke & Hardwicke* and *Martin E. Lawson*
for appellant.

(1) The demurrer to the evidence of plaintiff
should have been sustained and judgment given for
defendant thereon.   There was no evidence to prove a
novation.   The testimony of Creel, who represented
the Badger Lumber Company, was that there never
was a novation; and that is the only ground on
which plaintiff could recover under the pleadings in
the case.   See authorities *post*.   (2) Declarations of
law asked by defendant should have been given.
*First*.  Declarations numbers 1, 2 and 4 correctly state
the law of novation.   *Lee v. Porter*, 18 Mo. App. 377;
*Vanderline v. Smith*, 18 Mo. App. 55; *Murphy v.
Hanrahan*, 50 Wis. 485–489; *Kelso v. Fleming*, 104
Ind. 480; *Cornwell v. Megins*, 39 Minn. 407; *Clark v.
Billings*, 59 Ind. 508; 16 Am. and Eng. Encyclopedia of
Law, pp. 864–869; Anderson's Law Dictionary, title,
Novation; 1 Parsons on Contract, sec. 217; 3 U. S.
Digest, 1st series, p. 500, sec. 1933.   *Second*.  Declara-
tion number 5 was proper under the evidence in this
case and should have been given.   *Ford v. Anglerhodt*,
37 Mo. 50.

*John Dougherty* and *Robt. W. McClelland* for
respondent.

(1) The judgment in this case was for the right
party, because defendant by the direction of West, his

creditor, agreed to pay plaintiff the sum of $226, to whom West was owing a like sum, and thereby the promise of defendant to pay plaintiff the sum of $226, became and was a direct undertaking of defendant to pay his own debt. *Beardslee v. Morgner*, 4 Mo. App. 142; *Holt v. Dollarhide*, 61 Mo. 433; *Besshears v. Rowe*, 46 Mo. 501; *Flanagan v. Hutchinson*, 47 Mo. 237; *Sinclair v. Bradley*, 52 Mo. 180; *Carle v. Ins. Co.*, 12 Mo. 580. (2) The mere fact that the original account appeared upon the books of plaintiff in the name of E. H. West, and remained so, is immaterial to the issue in this case. The books may be explained. 68 N. Y. 400; 31 Wis. 190; 4 Gray, 451; 5 Kan. 477.

GILL, J.—The gist of plaintiff's case, as set out in its petition, is this: Meffert was indebted to West in the sum of $226, and West was at the same time owing the lumber company a like amount. It was agreed that instead of Meffert paying West said sum, he (Meffert) should pay it to the lumber company. The defendant failed to comply with this promise and hence this suit. It was what the law calls a novation; the contractual relations existing between West as creditor and Meffert as debtor was to give way to the new arrangement whereby Meffert was to stand as debtor to the lumber company.

A novation is a contract, whereby one legal obligation is substituted for an existing one. The new contract can have no force, unless supported by a consideration passing between the parties at the time. The extinguishment or abandonment of all claim against the original debtor furnishes the consideration for the undertaking of the new promissor. Without such discharge of the old debtor there is no valid novation—no substitution, indeed no new contract as there would be no consideration to support it. If A

owes B a certain sum of money, and B at the same time owes C a like amount, then in order to establish a new and substituted contract between A and C, whereby A is to pay B's debt to C, there must be an agreement between the three parties, not only that A will pay C but that B shall be discharged of his obligation to pay C. And without this there is no substitutionary contract, no novation. The obligation of A to C and B to C for the same debt can not coexist. It is the matter of the *substitution* of one contract for another, not the creation of a *collateral undertaking*. 1 Parsons, Cont., 217, *et seq.;* 16 Am. and Eng. Encyclopedia of Law, 862; *Lee v. Porter*, 18 Mo. App. 377.

So then, the mere promise by Meffert that he would pay the claim which the lumber company held against West, without more, was of no binding force, *unless* it was at the same time agreed between all the parties that the lumber company should no longer hold West, or in other words that his debt to the lumber company should be considered as extinguished. This was the theory of law which the defendant requested the court, by proper instruction, to declare, but which was refused.

It appearing then that the trial court decided the case on an erroneous theory of the law, the judgment must be reversed and cause remanded. All concur.