## HENDERSON WOOLEN MILLS, Respondent, v. J. R. EDWARDS, Appellant.

### Kansas City Court of Appeals, April 30, 1900.

1. **Corporations: SALES: FOREIGN.** A foreign corporation has an undoubted right to sell its property to the citizens of this state, and the courts will enforce the contract of sale. Erhardt v. Robertson, 78 Mo. App. 406, distinguished.

2. **Sales: EVIDENCE: AGENCY: LETTERS.** The letters of a general manager of a store are admissible in evidence against the owner thereof in litigation concerning purchases for the store.

3. ———: **PREPARATION: LIABILITY.** The owner of a store is liable for goods ordered before the store is converted into a corporation, even though they are delivered after such event and go into the store of the corporation.

Appeal from the Cole Circuit Court.—*Hon. T. B. Robinson,* Judge.

AFFIRMED.

*Edwards & Edwards* for appellant.

(1) The plaintiff being a foreign corporation, it devolved upon it to show that it was authorized to do business in this state. Failing to do so and failing to so allege, a jurisdictional fact, defendant's objection to the introduction of testimony was well taken. R. S. 1899, secs. 1024, 1025, 1026; Williams v. Scullin, 59 Mo. App. 30; Steam Heating Co. v. Gas Co., 60 Mo. App. 148; Carson-Rand Co. v. Stern, 129 Mo. 381; Erhardt v. Robertson, 78 Mo. App. 406.

*Moore & Williams* for respondent.

(1) The plaintiff was a nonresident, not a resident foreign corporation. The goods sued for, were ordered by mail from California, Mo., by the defendant's manager, Morris Marks. That Marks had authority to make the order is abundantly supported by the evidence, and the question of such authority was submitted to the jury upon instructions asked by both parties. The place of sale and delivery was Henderson, Kentucky. Steam Heating Co. v. Gas. Co., 60 Mo. App. 148, loc. cit. 155; Maxwell & Co. v. Edens, 65 Mo. App. 440 and citations. In the case of Erhardt v. Robertson Bros., 78 Mo. App. 404, the jury found under the evidence that the corporation to which the note sued on was given, "did have a place of business in this state in charge of a local agent for the purpose of selling goods sent to such agent to be thereafter sold to customers." (2) The goods sued for were delivered to defendant, through his agent and manager, Marks. Fahy v. Grocer Co., 57 Mo. App. 73-77; 2 Benjamin on Sales, sec. 1022; Kerwin v. Doran, 29 Mo. App. 397.

ELLISON, J.—This is an action on an account for goods, wares and merchandise charged to have been sold and

delivered to defendant. The verdict and judgment in the trial court was for plaintiff.

Plaintiff is a corporation organized in and resident of the state of Kentucky. Defendant was the owner of a store in the town of California, at some distance from where he resides. He placed such store in the charge and management of one Marks. Afterwards, Marks ordered the goods in controversy of the plaintiff which shipped them out to defendant and they were received by Marks and placed in the general stock. Before the goods were received defendant with his son and Marks, organized the store into a corporation and the goods in controversy, along with the balance of the stock, went into the corporation.

The first point made is that plaintiff can not recover for the reason that, being a nonresident corporation and not having obtained a certificate or license from the secretary of state to do business in this state, as required by our laws, its contract of sale of the goods in controversy is void. The case of Erhardt v. Robertson Bros., 78 Mo. App. 406, is cited in support of this point. We think the cause by no means sustains the point. That case was where a foreign corporation establishes itself in business in this state and becomes, so to speak, a resident foreign corporation. This case is simply where a foreign corporation exercises its undoubted right to sell its property to citizens of this state and falls under the authority of Blevins v. Fairley, 71 Mo. App. 259.

The remaining points in the case relate practically to questions of fact and the jury having determined them in plaintiff's favor we are bound by the result, there being evidence in the cause having a tendency to support the verdict.

It was not error to admit the letters in evidence which were signed by defendant and by Marks for him. Marks was the general manager of the store on whom defendant states he depended almost entirely. Indeed, defendant was

not in the same town and necessarily had to depend upon Marks. Defendant, in effect, so states here in his brief. Marks undoubtedly had authority to purchase the goods. And this is also practically admitted here in the printed statement; though it is contended that he had no authority to deal with a corporation which had not complied with the law.

If the goods were ordered by defendant's general manager before the incorporation, then defendant is liable, although they may not have been received until after the incorporation. The fact that defendant, or his manager, turned said goods into the corporation does not release defendant from an obligation contracted prior to the incorporation.

We regard the instructions for plaintiff as applicable to the case and justified by the law. Nor do we see any legal ground for defendant's objection to the depositions.

The case as presented here by defendant himself shows that from a legal standpoint no other result can follow than the one which was arrived at in the trial. It discloses a strong belief in the moral strength of his case looked at from that standpoint. But taking the case as presented from a legal standpoint, and no other result can be reached. The judgment will be affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.