BURNHAM, HANNA, MUNGER & COMPANY, Respondents, v. W. H. TILLERY & COMPANY et al., Appellants.

Kansas City Court of Appeals, November 5, 1900.

1. **Pleadings: AMENDMENT: DEPARTURE: CHANGING CAUSE OF ACTION.** An amendment of a petition which requires a different character of evidence to support it from that required by the original petition, constitutes a departure; and an amendment converting an action in equity to subject certain real estate to a lien to pay a debt into an action at law on an agreement for a valuable consideration to pay another's debt, is properly stricken out.

2. **Trial Practice: DEMURRER: ANSWERING OVER.** Where the defendants demurrer is overruled and he answers over to the merits, the objections taken by the demurrer to the petition can not be noticed on motion for a new trial or in arrest of judgment.

3. **Pleading: ANSWER: STRIKING OUT: NOVATION.** Where the answer of the original debtor admits his indebtedness, he can not plead in his answer facts showing a want of liability on the part of a co-defendant that the petition seeks to hold by a subsequent agreement, and such matter is properly stricken out unless the transaction amounts to a novation of the debt.

4. **Trial Practice: JURY: PLEADING.** Where on the pleading the court is authorized to render judgment against the defendant, he is not entitled to a jury.

Appeal from the Polk Circuit Court.—*Hon. Otis Mosier,* Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*O. J. McLane* and *Rechow & Pufahl* for appellants.

(1) In this case there was a clear departure between the original petition and the amended petition, so far as James F. Tillery is concerned. Drake v. Railroad, 35 Mo. App. 556; Pruitt v. Warren, 71 Mo. App. 84; Clothing Co. v. Railroad, 71 Mo. App. 243; Lumpkin v. Collier, 69 Mo. 170; Fields v. Maloney, 78 Mo. 172; Scovill v. Glasner, 79 Mo. 449; Hill v. Mining Co., 119 Mo. 30; Heman v. Glann, 129 Mo. 326; Hollmann v. Lange, 143 Mo. 101. (2) If there was a contract of novation as charged in the amended petition then there was no further liability on the part of W. H. Tillery & Co., or either member of said firm and there could be no recovery against said firm. Bishop on Contracts (Enlarged Ed.), sec. 1261; Edgell v. Tucker, 40 Mo. 528; Vanderline v. Smith, 18 Mo. App. 60; Lee v. Porter, 18 Mo. App. 383; Lumber Co. v. Meffert, 59 Mo. App. 440; 16 Am. and Eng. Ency. of Law, p. 862. (3) Plaintiffs' motion to strike out part of defendant W. H. Tillery's answer should not have been sustained, as it did not properly designate the part. Pearce v. McIntyre, 29 Mo. 425; Patterson v. Hollister, 32 Mo. 478; Jackson v. Bowles, 67 Mo. 613. (4) There is a clear misjoinder of parties in the amended petition and the demurrer of W. H. Tillery should have been sustained. See authorities under point 2, also Haeberle v. O'Day, 61 Mo. App. 394. (5) W. H. Tillery was entitled to make the defense set up in his answer. It was competent to show that no such contract as set up in plaintiffs' petition was ever made. Feder v. Abrahams, 28 Mo. App. 458; Adderton v. Collier, 32 Mo. 511; Lee v. Porter, 18 Mo. App.

383. (6) Defendant W. H. Tillery was entitled to a trial by jury on the assessment of damages, and on the issues involved. Constitution of Mo., Article 2, sec. 28; R. S. 1899, sec. 691; Munford v. Keet, 71 Mo. App. 537; Dilly .v. Railroad, 55 Mo. App. 128; Brown v. Railroad, 69 Mo. App. 420; Batterton v. Sims, 73 Mo. App. 353.

*J. B. Upton* and *C. H. Skinker* for respondents.

(1) There is no novation pleaded in the amended petition. There is not a single element of a novation pleaded. To have constituted a novation James F. Tillery must have been indebted to W. H. Tillery & Co., and respondents must have expressly agreed to take James F. Tillery for their debt, and release W. H. Tillery & Co. from all liability therefor. Nothing of the kind is alleged and therefore the amended petition does not plead a novation. 1 Parsons on Contracts, 217; Vanderline v. Smith, 18 Mo. App. 60; Lee v. Porter, 18 Mo. App. 383; Edgell v. Tucker, 40 Mo. 528; Lumber Co. v. Meffert, 59 Mo. App. 440. (2) The amended petition is no departure from the original petition. Clothing Co. v. Railroad, 71 Mo. App. 243. This case reviews all the cases and is the leading case on the subject of departure in this state. Lottman v. Barnett, 62 Mo. 159; James v. Railroad, 69 Mo. App. 431; Lawrence v. Railroad, 61 Mo. App. 62; Lincoln v. Railroad, 75 Mo. 27; Moody v. Railroad, 68 Mo. 470; Com. Co. v. Railroad, 64 Mo. App. 144.

SMITH, P. J.—It was alleged in the plaintiffs' original petition that W. H. Tillery & Co., a mercantile partnership composed of W. H. Tillery and Jacob Burns, were indebted to plaintiffs in the sum of $612.37, for goods sold and delivered them by the plaintiffs; that while insolvent and in failing circumstances they sold their entire stock of merchan-

dise to James N. McCracken and in part payment therefor were to receive certain lots in the town of Humansville, in this state, which were of the value of eight hundred dollars; that at the time of the said sale the defendant W. H. Tillery was indebted to the defendant James F. Tillery on an individual debt, but that the said mercantile co-partnership of W. H. Tillery & Co. was in no wise indebted to the said defendant James F. Tillery; that the said W. H. and James F. Tillery contriving and scheming to cheat and defraud plaintiffs and other creditors of said mercantile co-partnership, and to withdraw the assets of said mercantile co-partnership from the reach of its creditors, and to fraudulently prefer the said James F. Tillery, the individual creditor of said W. H. Tillery, to the said co-partnership creditors, and apply the co-partnership assets to the payment of his individual debt, caused the said real estate to be conveyed from said McCracken to the said James F. Tillery instead of to the said mercantile co-partnership, and that the said co-partner Burns did not consent or agree that the assets of said mercantile partnership should be so diverted. There was a prayer for judgment against defendants W. H. Tillery and Jacob Burns for the said amount due plaintiffs and that the same be declared a lien on said real estate, and for all other proper relief.

After the return of the writ the plaintiffs filed an amended petition, the allegations of which were identical with those of the original except that those in respect to fraud were omitted and in lieu thereof there was one inserted to the effect that after all the assets of said mercantile partnership had been applied to the payment of its indebtedness there still remained unpaid the sum of about seven hundred dollars, including plaintiffs' debt; that said defendant James F. Tillery agreed with the other defendants, W. H. Tillery and Jacob Burns, that if they would cause the said McCracken to

convey to him the said real estate he would pay all the remaining indebtedness of said mercantile co-partnership, including that to plaintiffs, and that in accordance with said agreement the other defendants, W. H. Tillery and Jacob Burns, did cause the said real estate to be conveyed by the said McCracken to the said James F. Tillery, but that said last named defendant had repudiated said agreement and failed to pay plaintiffs' said debt. The prayer of the petition was for judgment against all of the defendants and other proper relief.

The defendant James F. Tillery thereupon filed a motion to strike out the amended petition of plaintiffs on the ground that as to him it stated an entirely different cause of action from that stated in the original petition.

The facts alleged in the two pleadings were the same except as to the purpose for which the said real estate was caused to be conveyed to defendant James F. Tillery. It is uncontrovertedly true that if said real estate was conveyed to said James F. Tillery for the purpose alleged in the original petition it could be subjected to a lien in favor of plaintiffs for the amount of their said debt. On the other hand, if it was conveyed to said James F. Tillery under the agreement alleged in the amendment then he, the said James F. Tillery, thereby became personally liable on such agreement to plaintiff for the amount of their debt. There are two tests by which to determine whether a second petition is an amendment or a substitution of a new cause of action: First, whether the same evidence will support both petitions and second, whether the measure of damages will apply to both. Liese v. Meyer, 143 Mo. 547; Scovill v. Glasner, 79 Mo. 449; Sauter v. Leveridge, 103 Mo. 621; Holt v. Cannon, 114 Mo. 519.

It is perfectly obvious that the same evidence will not support both of these petitions. While evidence tending to

prove that said insolvent partnership caused its said real estate to be conveyed by McCracken to said defendant James F. Tillery in payment and satisfaction of a debt due to him, the said James F. Tillery, by one of the partners and not by the partnership, would tend to support the allegations of the original petition, but certainly not those of the amendment alleging that the said defendant James F. Tillery entered into a contract with the other defendants—the co-partners— by which it was agreed that if the latter would cause the said real estate to be conveyed by the said McCracken to the former, that such former would assume and pay the debts of the partnership remaining unpaid, including that of the plaintiffs. Nor would evidence tending to prove these allegations of the amendment prove those of the original petition just referred to. Evidence of the fraudulent scheme and contrivance alleged in the original petition would by no means prove the agreement alleged in the amendment; nor would evidence tending to prove the allegations of the amendment in respect to the agreement tend to establish the fraudulent scheme and contrivance alleged in the original petition. The cause of action alleged in the original petition has for its foundation the fraud of the defendants; while the amended petition counts on a breach of an agreement disconnected with such fraud. The change is from an action in equity to subject certain real estate to a lien for the plaintiffs' debt to an action at law on an agreement whereby the defendant James F. Tillery, for a valuable consideration, assumed and undertook to pay plaintiffs' debt.

The *character* of the evidence which it would require to support the allegations of the amendment would in part be quite different from that required to support those of the original petition. The rule seems to be that the quantity of the proof need not be the same in both cases but that it must be the same in its *character*. If both the quality and quantity

of the evidence was required to be the same it is plain there could be no substantial amendment in any case. Clothing Co. v. Railway, 71 Mo. App. loc. cit. 247. The amount of the debt which the plaintiffs sought to recover was of course the same in both petitions.

We must therefore conclude that the cause of action alleged in the amended petition was a different cause of action than that alleged in the original petition, and for that reason the motion of the defendant James F. Tillery to strike it out should have been sustained.

The defendant W. H. Tillery filed a demurrer to the plaintiffs' amended petition on the ground that there was a misjoinder of parties defendant, which was by the court overruled. But instead of standing on his demurrer he filed an answer to the merits and thereby waived and abandoned whatever vantage ground he may have acquired by demurring. State v. Sappington, 68 Mo. loc. cit. 454; Spillane v. Railway, 111 Mo. loc. cit. 562. And the objection taken by the demurrer can not be noticed on motion for a new trial or in arrest of judgment. Higgins v. Railway, 36 Mo. loc. cit. 431.

No error is perceived in the action of the court in striking out all that part of the answer of the defendant W. H. Tillery which pleaded certain facts as showing that the defendant James F. Tillery was not liable or bound in any way for the payment of the plaintiffs' debt, since it clearly appears that these facts constituted no defense to the cause of action alleged by plaintiffs as against him. He admitted by his answer his own indebtedness to plaintiffs as alleged by them in their petition and therefore he was in no way interested in the defense of the defendant James F. Tillery, nor could he be allowed to make such defense for him. The transaction alleged in the amended petition between the partnership and the defendant James F. Tillery, by which he, the

said James F. Tillery, agreed in consideration of the conveyance to him of the said partnership real estate to pay the co-partnership indebtedness, including plaintiffs' debt, was not a novation or substitution of one contract for another. Lumber Co. v. Meffert, 59 Mo. App. 437.

The defendant Burns made default and, as already stated, the defendant W. H. Tillery in his answer expressly admitted that he and Burns were indebted to the plaintiffs in the amount claimed in the petition of the latter.    It is quite difficult, therefore, to perceive what issue there was in the case which it was the duty of the court, on the demand of the defendants to submit to a jury.    There was no issue of fact under the pleadings requiring the intervention of a jury and therefore no error is perceived in the action of the court in denying the said defendants' request.    The court on the pleadings was authorized to render judgment for plaintiffs against defendants W. H. Tillery and Burns.

The judgment will accordingly be reversed as to defendant James F. Tillery and affirmed as to the other defendants. All concur.