## D. C. NICKERSON, Respondent, v. THE LEADER MERCANTILE COMPANY, Appellant.

### Kansas City Court of Appeals, December 2, 1901.

1. **Trial and Appellate Practice: SPECIAL JUDGE: ABSTRACT OF RECORD: PRESUMPTION.** Simply because an imperfect abstract of the record does not disclose how a special judge came to try the cause, will not defeat his jurisdiction, since his action is a part of the record and must be presumed to have been correctly taken; especially where no objection appears to such action.

2. **Justices' Courts: ACCOUNT FILED: RECORD.** Record is held to show the account sued on was filed before the justice.

3. **Sales: NOVATION: GOODS TURNED OVER TO THE SUCCESSOR.** E, a merchant, ordered goods, and pending their arrival sold his business to defendant. On the arrival of the goods E's manager, who is secretary of defendant, informed the seller that the goods were subject to his order or could be turned over to defendant on the same terms. The seller billed the goods to defendant and directed the manager to turn them over. This he did and defendant accepted them with knowledge of the facts. *Held,* the action was a novation and the defendant was liable to the seller for the purchase price.

4. **Evidence: LETTER: OBJECTION: APPELLATE PRACTICE.** Objection to introduction of evidence must be made at the trial; but facts amply show defendant's secretary had authority to negotiate the transfer of the goods from E to the defendant.

5. **Account: ASSIGNMENT: EVIDENCE.** The evidence sufficiently shows the assignment of the account.

6. **Trial and Appellate Practice: REMARKS OF JUDGE: OBJECTION: EXCEPTION.** Before the appellate court can pass upon the remarks of the trial judge the abstract must show an objection and the saving of an exception.

7. **Corporations: NAME.** Defendant's affidavit for appeal from the justice named it as the "Leader Mercantile Company," while its name was "Leader Mercantile Company of California." *Held,* the affi-

davit sufficiently identified the defendant since the words "of Cali-
fornia" merely described its *situs* and not its name.

Appeal from Moniteau Circuit Court.—*Hon. Geo. F. Longan,*
Special Judge.

AFFIRMED.

*Edwards & Edwards* for appellant.

*Moore & Williams* for respondent.

SMITH, P. J.—This is an action on an account for
goods sold and delivered; it was commenced before a justice
of the peace.

The case disclosed by the evidence, in a few words, may
be stated in about this way: A Mr. Edwards was the proprie-
tor of a store in the city of California, which was managed by
one Marks. In January, 1899, Marks, as such manager, pur-
chased of the Leominster Shirt Company of Massachusetts, on
account of Mr. Edwards, a bill of goods amounting to $62.50.
Mr. Edwards afterwards sold the store to the defendant, a bus-
iness corporation. It does not very clearly appear at what
precise time the goods were received by Mr. Edwards, but it
does appear that shortly after the defendant went into posses-
sion of the store that Marks, the manager for Mr. Edwards
and secretary of the defendant, notified the plaintiff that Mr.
Edwards had sold the store to defendant and that he would
either return the goods purchased by Mr. Edwards or retain
them for the defendant on the same terms upon which they had
been sold to Mr. Edwards. On receipt of this the shirt com-
pany responded that the defendant could retain the goods on
the terms the same had been sold to Mr. Edwards, and accord-

ingly rebilled the same to the defendant. The latter in that way purchased the goods and obtained possession of them, retaining possession of same but never paying for them.

The judgment was for plaintiff and we are asked by defendant, appellant here, to reverse the judgment on several grounds:

I.    That since the cause was tried by a special judge and nothing appearing on the face of the record to show why he had tried it instead of Judge Hazell, who was the regular judge, that such special judge was without jurisdiction. There is no abstract in the case, of the record proper, or if there is then there is no statement as required by the statute (section 863). That which the defendant entitled an "abstract" does not purport to be more than an epitome of a part of the record. Blended with it are statements of many conclusions, but these, when taken with the part of the record which is abstracted, do not present a complete abridgment or abstract of the entire record. But waiving any objection that might be taken to the sufficiency of the abstract presented, still can we say that the special judge had no jurisdiction because the record does not disclose how it came about that the cause was tried by him? The action of the special judge trying the case is a part of the record of the court and in the absence, as here, of any showing to the contrary, it will be presumed to have been correctly taken. The same presumption of jurisdiction attach to the record of proceedings in circuit courts before special judges as before the regular judge. Green v. Walker, 99 Mo. 68. The abstract of the bill of exceptions does not anywhere disclose that objections of any kind were taken by defendant in the circuit court to the qualifications or authority of the special judge to act. No reason is seen why the jurisdiction of the special judge who tried the case should be seriously doubted.

II.    The objection that no account was filed by plaintiff

before the justice of the peace, is not well taken, because the record shows the contrary to be the fact.

III.    The objection that the defendant should not be held liable for the goods because the same were turned over to it by Mr. Edwards, can not be upheld.    Undoubtedly, if Mr. Edwards had purchased the goods and then turned the same over to the defendant without more, as in the case cited by defendant from 84 Mo. App. 448, then the transaction could not *ipso facto* have made defendant liable; but this case is quite different from that.    Here, the goods were turned over to defendant by Mr. Edwards under an agreement between the shirt company, the defendant, and Mr. Edwards.    By such agreement the defendant was substituted as the purchaser in the place of Mr. Edwards and the transaction was in effect a novation.    Lumber Co. v. Meffert, 59 Mo. App. 437; Burnham v. Tillery, 85 Mo. App. 453.    By the agreement of all the parties named, the defendant stepped into the shoes of Mr. Edwards.    It stands in this case in the exact attitude in which Mr. Edwards would have stood but for such novation—that is, liable for the purchase price of the goods.

IV.    The objection that the letter of Marks to the shirt company, offered in evidence, was not identified, can not be noticed because no such objection was made thereto at the trial. The facts shown by the evidence were ample to justify the inference that Marks was authorized to negotiate with the shirt company for the substitution of the defendant for Mr. Edwards.

V.    The evidence proving the assignment of the account sued on by the shirt company to the plaintiff is, we think, quite sufficient.

VI.    The instruction given by the court for the plaintiff fully and fairly submitted the issues, and the action of the court in that respect is faultless.

VII.    The abstract does not show that any objection was

taken to the remark of the judge who tried the case as to the notice given defendant to produce the letter of Marks, manager, etc., to the shirt company, and noticed in a preceding paragraph hereof; or, if so, that it was made the basis of an exception and properly saved by the bill of exceptions in the case.

VIII. The plaintiff read in evidence the defendant's affidavit for the appeal for the purpose of showing that the defendant is the same corporation that is sued. This affidavit described the defendant by the name of the "Leader Mercantile Company," while the defendant herein is sued by the name of the "Leader Mercantile Company of California." The defendant objected that the affidavit showed on its face that the incorporation therein described was not the same as that sued, and, therefore, such affidavit should be stricken from the record. This objection was not well taken. The addendum of the words "of California" were words describing the *situs* of the corporation and not its name. State v. Bank, 160 Mo. 640. If the affidavit for the appeal had been stricken out it would have been fatal to the defendant's appeal. Tarwater v. Long, 36 Mo. App. 182.

As we view the case, the judgment was for the right party and must be affirmed. All concur.