## MANKAMEYER v. EGELHOFF, Appellant.

### Division Two, March 26, 1901.

**Appeals:** JURISDICTION: AMENDING PETITION: NEW CAUSE OF ACTION: NEW SUMMONS: CONSTITUTION. Defendant claims that plaintiff's second amended petition was a departure from the original cause of action, and that, therefore, he was entitled to a new writ of summons on such new cause of action, and that the trial court, by denying that, denied him the due process of law guaranteed by the Constitution. *Held*, that, as he answered that petition and submitted himself to the jurisdiction of the court, he eliminated this constitutional question from the case, and, hence, as the case was one for personal injuries and the judgment was for only $100, this court has no jurisdiction of his appeal.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Frank Titus* for appellant.

(1) This court acquires jurisdiction in this appeal by reason of the defendant appellant having invoked in his answer the protection of the Constitution in regard to the violation of the provision thereof securing to defendant the right to enjoy his property and property rights and not to be deprived of them without due process of law, the ruling of the trial court being adverse to appellant's contention. (2) Defendant was entitled to be summoned in a new and distinct action to answer such new state of facts; the due process of law prescribed by sections 30 and 32 of article 2, of the Constitution, required this. Defendant had not waived this right. His appearance was special and not general to the new cause of action. Judgment against defendant on said plea, by mere *ipse dixit,* without trial, hearing, issues raised thereon, or other judicial procedure, was wholly illegal, and a violation of defendant's rights as a citizen secured to him by section 32, article 2, of the Constitution. By his subsequent pleading and evidence defendant is not barred from here insisting on the error aforesaid of the trial court. Martin v. Railroad, 103 N. Y. 626; Barker v. Railroad, 126 Mo. 143; Donnel v. Wright, 147 Mo. 639.

*Amos H. Kagy* and *J. H. Bremerman* for respondent.

The Kansas City Court of Appeals has sole and exclusive jurisdiction of the case, the amount involved being less than $2,500, exclusive of costs. Appellant seeks to inject a con-

stitutional question, and thus bring the case within the jurisdiction of this court. It is difficult to determine from appellant's statement and brief just what his contention is, but it is fair to presume that learned counsel holds that, because in his answer and in his motion for a new trial appellant states: "Said judgment of the trial court against defendant on said first paragraph of his answer is in violation of the Constitution of the State of Missouri, and more particularly of sections 30 and 32 of article 2 thereof. Said judgment deprives appellant of all property and property rights without due process of law, guaranteed to him by the Constitution of the State and the said provisions thereof." That the mere statement that the judgment of the court is violative of a constitutional right does not raise the point, is no longer an open question in this jurisdiction.

BURGESS, J.—This is an action for damages for personal injuries sustained by plaintiff by reason of the alleged negligence of the servant of defendant while in the line of his employment. The amount of damages claimed was five thousand dollars.

The answer of defendant, upon which the case was tried, was to the second amended petition, which it is alleged was a departure from the cause of action stated in the original petition, and it is claimed that plaintiff was entitled to a new writ of summons upon such new cause of action, and that to be compelled to answer said last petition in this cause without such due legal procedure, to which he was entitled, being a citizen of this State, is a deprivation of defendant's personal and property rights, without the due process of law guaranteed to him by the laws and Constitution of the State.

Upon a trial before the court and a jury plaintiff recov-

ered a verdict for one hundred dollars, upon which judgment was rendered.

The amount, therefore, involved in this appeal is one hundred dollars. And as the controversy is between private persons, in which the title to real estate is not in question, and no question properly raised as to the construction of the Constitution of the United States or of this State, the Supreme Court has no jurisdiction of the appeal.

Even if defendant was not served with process on the second amended petition, and it was necessary that it should be done in order to give the court jurisdiction over him (upon which we do not pass), as he answered that petition and submitted himself to the jurisdiction of the court and went to trial, he could not thereafter complain that he had not been served with process, and thereby eliminated the constitutional question, if any there was, from the case.

It follows that this court is without jurisdiction of this appeal, and the record herein is ordered to be transferred to the Kansas City Court of Appeals.

*Sherwood, P. J.,* and *Gantt, J.,* concur.