Fuggle, Adm'r of Weldon, v. Hobbs.

------------◆------------

THOMAS R. FUGGLE, Adm'r of BENEDICK WELDON, Respondent, v. WILLIAM R. HOBBS, Appellant.

1. *Pleading — Demurrer, objections raised by.*—The objection that plaintiff's petition does not state facts sufficient to warrant the plaintiff to sue, because his representative character is not sufficiently set out and averred, should be raised by demurrer. Otherwise, under the present system of pleading, it will be presumed to be waived. (Gen Stat. 1865, p. 658, §§ 6, 10.)

2. *Pleading—Executorship—What averment of sufficient.*—Where, in the body of the petition, it is averred that plaintiff is the acting and lawful executor of the last will and testament of the deceased, the averment is amply good, in

Fuggle, Adm'r of Weldon, v. Hobbs.

the absence of any objection, to sustain the cause, within the reasoning of the decision in the case of The State to the use of Tapley's Adm'r v. Matson, 38 Mo. 489.

3. *Pleading — Title.*— The description of administrator in the title may be wholly disregarded.

4. *Pleading — Exceptions — Answer.*— If defendant wishes to avail himself of the error committed by the court in striking out his answer, he should let judgment go at the time and stand upon his exceptions. By pleading over and going to trial upon another issue, he voluntarily abandons whatever grounds he might have had for a review of the action of the court.

### Appeal from Davies County Court.

*McFerran*, for appellant.

I. The Circuit Court erred in striking out appellant's answer to respondent's petition. (Gen. Stat. 1865, p. 659, § 12 ; *id.* p. 677, § 45 ; Yallaly v. Yallaly, 39 Mo. 493 ; State *ex rel.* Oddle v. Sherman, *ante*, 210.)

II. The answer stricken out by the Circuit Court is a part of the record proper in the cause ; and the amended answer subsequently filed by leave of the Circuit Court, containing a distinct defense not included in the answer stricken out, does not waive the error of the court committed in striking out said answer. (Bateson v. Clark *et al.*, 37 Mo. 31 ; Normandser v. Hitchcock, 40 Mo. 178 ; State to the use of Tapley's Adm'r v. Matson *et al.*, 38 Mo. 489.)

III. The errors of record are not cured by the verdict. (Jones v. Louderman, 39 Mo. 287.)

IV. The petition is not sufficient in law to support the judgment in this. It does not aver the death of Weldon, nor the appointment or qualification of the plaintiff as the executor of the said Weldon. (State to the use, etc., v. Matson, 38 Mo. 489.)

*Vories & Vories*, for respondent.

I. The appellant insists that the petition does not aver the representative character of the plaintiff so as to authorize him to sue. 1. The objection taken, if objection at all, should only have been taken by demurrer. The objection goes to the parties and is waived by the answer. (Gen. Stat. 1865, p. 658, §§ 6, 10.)

2. Neither the motion for a new trial nor the motion in arrest of judgment makes any objection to the sufficiency of the amended petition, nor in any manner complains of the sufficiency thereof; it is, therefore, too late to bring up that objection for the first time in the District Court. It is admitted that if the petition failed to "state facts sufficient to constitute a cause of action," the defendant might make the objection by motion in arrest; but in this case the motion in arrest makes no objection to the petition. This has been twice waived; first by not demurring, and second by not setting up the objection in the motion in arrest or in the motion for a new trial. 3. The petition is sufficient. After setting forth the agreement, it states that the defendant has not paid the money either to the deceased or to the plaintiff, who is now the acting and lawful executor of the last will and testament of Weldon, deceased. It makes no difference that the plaintiff, in the caption of his petition, styles himself administrator, etc. The averments in the body of the petition are good and will prevail. It was not necessary for the plaintiff to show by what authority he was made executor, etc.; the allegations as they stand are good after verdict. (Higgins v. H. & St. Jo. R.R. Co., 36 Mo. 431 ; Duncan v. Duncan, 19 Mo. 368.)

II. The appellant having at once obtained leave to file, and having filed, an amended answer upon which a trial was had, the appellant by this action waived his first action, and the same in contemplation of law was withdrawn. (Sweeny v. Willing, 6 Mo. 174; Barada v. Inhabitants of Carondelet, 8 Mo. 644; McCullum v. Lougan's Adm'r, 29 Mo. 451.)

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted in the Davies Circuit Court to recover an amount alleged to be due from the defendant to the plaintiff's testator.

The foundation of the suit was an agreement entered into in writing between the testator Weldon, in his lifetime, and the defendant Hobbs, whereby it was stipulated that Weldon assumed the payment of $787.50 to one Hamblin in part payment for a certain steam-mill formerly owned by Hamblin & Weldon, and

then owned (at the date of the agreement) by Weldon & Hobbs, Hobbs agreeing that Weldon should have a lien on the mill till the amount was paid, specifying the length of time for which credit was to be given.

In the title to the petition the plaintiff is described as the administrator of Weldon, deceased, but in the body of the petition it is averred that he is the acting and lawful executor of the last will and testament of the deceased. There is no other allegation of his appointment, qualification, or representative capacity. The defendant filed an amended answer in which he did not controvert, deny, or in any way notice, the character in which plaintiff sued, but he set up other matters in defense to the action. This answer was, on motion of plaintiff's counsel, stricken out, because it was indefinite, uncertain, and inconsistent. To which action of the court in striking out said answer, the defendant at the time excepted. Defendant then filed his second amended answer, in which the only defense set up was a want of consideration to support the agreement sued on, and went to trial solely upon that issue.

The jury, after hearing the evidence, returned a verdict for the plaintiff, and judgment was rendered thereon. Defendant, after an unsuccessful effort to obtain a new trial and arrest the judgment, carried the case to the Fifth District Court, where the judgment was affirmed by a divided court, and it now comes here on appeal.

The counsel for the appellant has raised many points, but the real and substantial merits of the case may be limited to a small compass. It is objected that the petition does not state facts sufficient to warrant the plaintiff to sue, because his representative character is not sufficiently set out and averred. This objection is raised here for the first time, and does not appear to have been taken at all in the court below. It is not included either in the motion for a new trial or in arrest of judgment. Under our system of pleading the defendant must be conclusively presumed to have waived it. If there was any defect, it was apparent on the face of the petition, and furnished ground for demurrer (Gen. Stat. 1865, p. 658, § 6); and when he failed to resort to a demurrer it must be construed into a waiver. (*Id.* § 10.)

Fuggle, Adm'r of Weldon, v. Hobbs.

The averment contained in the petition is amply good, in the absence of any objection, to sustain the cause, within the reasoning of the decision in the case of The State to the use of Tapley's Adm'r v. Matson, 38 Mo. 489. The description of administrator in the title may be wholly disregarded.

It is further argued that the court erred in striking out the first amended answer. If this should be conceded, the appellant is in no condition to take advantage of it. We have examined the answer stricken out, and, while much of it is liable to the objections urged against it in the motion, we are of the opinion that there were some denials and matters stated in it which were well pleaded. But if the appellant intended to avail himself of the errors committed by the court in this respect, he should have let judgment go at the time and stood on his exceptions. By pleading over and going to trial on another issue, he voluntarily abandoned whatever grounds he might have had for a review of the action of the court.

The judgment appealed from is the judgment rendered upon the issue tendered by the last answer, and on which the case was tried; and should the case be reversed and sent back, it could only be for errors committed at the trial on the issues as tendered and framed by the parties.

It is superfluous to go into an inquiry in regard to the consideration of the agreement, as all the evidence in that behalf was submitted by defendant (appellant here), and of course he cannot be heard to complain of it.

So far from there being no evidence, as contended, to sustain the verdict, the evidence is most cogent and conclusive, and the jury would not have been warranted in finding any other or different way. Entertaining these views, we have been unable to find any error in the action of the court in giving or refusing instructions.

Judgment affirmed.    Judge Fagg concurs.