JOEL Q. THOMPSON, Appellant, v. JAMES CUMMINGS
*et al.*, Respondents.

### Kansas City Court of Appeals, March 3, 1890.

1.  **Landlord and Tenant:** INSTRUCTION AS TO CULTIVATION OF
    ORCHARD : CARE. A tenant bound himself "to deliver up the
    premises in as good condition as when received, ordinary wear
    and tear and unavoidable casualty excepted." In an action by
    the landlord charging that the tenant planted and cultivated corn
    in a young orchard, running over, plowing up and barking and
    killing young trees, an instruction that if defendant did such
    cultivation in a good and workmanlike manner and used ordinary
    care and prudence he was not liable is erroneous in that it fails to
    present the hypothesis of whether it was prudent to cultivate corn
    at all, in the orchard.

2.  ———— : CULTIVATION OF ORCHARD : "WEAR AND TEAR." As
    defendant was not required by the lease to cultivate a crop in the
    orchard he should be liable for damages done to the trees by the
    cultivation of any crop therein. Barking and plowing up young
    apple trees by cultivating a crop among them is not ordinary
    "wear and tear" of a farm rented for a year.

*Appeal from the Vernon Circuit Court.*—HON. D. P.
STRATTON, Judge.

REVERSED AND REMANDED.

*Kimball & January*, for the appellant.

(1)   In the absence of express agreement the tenant
is liable for damages to premises caused by his negli-
gence—that is from the lack of ordinary care. 1 Taylor,
Landlord and Tenant [8 Ed.] sec. 343.   (2) An express
covenant to repair or do any other thing to the demised
premises is binding under all circumstances. 1 Taylor,
Landlord and Tenant [8 Ed.] secs. 357, 360; *Holbrook v.
Chamberlain*, 116 Mass. 155.   (3) Hence instruction

number 5 given for defendants is not only erroneous in point of law but is directly contradictory of number 1, given at plaintiff's request.

*G. S. Hoss* and *L. L. Scott*, for the respondents.

ELLISON, J.—Plaintiff rented a farm for one year to defendants by written lease, wherein defendants agreed, among other things, to "deliver up said premises in as good condition as when received, ordinary wear and tear and unavoidable casualty excepted." The evidence tended to show that the defendants planted and cultivated corn in a young orchard upon said farm, and that in doing so they ran over and ploughed up "the young orchard and barked and killed the young trees." The court instructed the jury over plaintiff's objection that if defendants "cultivated the corn planted in the orchard in good and workmanlike manner, and used ordinary care and prudence in so cultivating, and acted as any other prudent man would have acted," the finding should be for defendants on that count of the petition. The correctness of this instruction is the question presented for review. The lease nowhere requires defendants to plant corn in the orchard. It may be that in cultivating the corn which they had planted they did so prudently and nevertheless injured the trees. But the cultivation of some other crop would not, perhaps, have resulted in such injury. So, on this theory of the case, the instruction should have presented the hypothesis of whether it was prudent to cultivate corn at all, in the orchard.

But, again, as defendants were not required by the lease to cultivate a crop in the orchard, our opinion is they should be held liable for damages done to the trees by the cultivation of any crop. If a crop could not be cultivated in the orchard without ploughing up and barking the trees, no crop should have been planted

therein. The only exceptions in this lease to defend-ants' absolute obligation to deliver up the premises in as good condition as received are ordinary wear and tear and unavoidable casualty. The injury charged was not unavoidable casualty; nor can we see that it falls under the meaning of ordinary wear and tear. Barking and ploughing up young apple trees by cultivating a crop among them certainly ought not to be the ordinary "wear and tear" of a farm rented for a year. Defend-ants have by their contract expressly agreed to do that which the evidence tends to show they have not done. If they meant to escape liability for injury to the trees in cultivating a crop in the orchard, they should have so provided in the lease. *Fulkerson v. Eads*, 19 Mo. App. 620. If the tenant "covenants to keep the prem-ises in the *same state* in which they were when he took them, and trees are blown down, this covenant is not thereby broken; for it has by the act of God become impossible for him to keep this part of the covenant. But the case is different if he cut the trees himself, for he then breaks the covenant by his own act." Taylor's L. & T., sec. 360.

The judgment is reversed and the cause is remanded.

