155    577
102a  ²648

## ESTES v. DESNOYERS SHOE COMPANY, Appellant.

### Division One, March 30, 1900.

1. **Pleading:** MISJOINDER OF CAUSES OF ACTION. Where plaintiff seeks to recover for services rendered under a contract of employment, and damages for his wrongful discharge, *Held,* that a demurrer to the petition on the ground that it embraces two causes of action in the same count, was properly overruled.

2. ————: DEMURRER: ANSWERING OVER. A defendant by answering over waives his right to have the ruling of the court overruling his demurrer, reviewed.

3. ————: CONTRACT: IN HAEC VERBA. A petition that sets out the contract relied on *in haec verba,* instead of pleading it by its legal effect, is demurrable.

4. **Contract:** CUSTOM. Where a contract is made in view of well established customs of the trade to which it relates it is to be construed in the light of those customs.

5. **Master and Servant:** BREACH OF CONTRACT: MEASURE OF DAMAGES. Plaintiff had been employed as a travelling salesman by defendant for a period of three years, and was discharged before the expiration of that time. Under the contract he was to receive a fixed salary and travelling expenses while on the road, including board and lodging. *Held,* that the measure of damages for his wrongful discharge, with respect to salary, was the amount fixed by contract for the unexpired period, less what the plaintiff could reasonably

VOL. 155 mo—37

earn by his own exertions during such period; and that the meas-
ure of damages, with respect to board and lodging, was the amount
of plaintiff's reasonable living expenses during the time he would
probably have been on the road, as ascertained from the established
customs of business such as that in which plaintiff was engaged.

6. ———: CONTRACT: FRAUDULENT REPRESENTATIONS: INSTRUCTIONS.
Defendant charged that plaintiff to induce defendant to enter into
the contract of employment, made fraudulent representations as to
the amount of business previously done by plaintiff for defendant;
such transactions, however, were contained in defendant's books,
and not for a year after entering into the contract did defendant
examine its books to discover the truth or falsity of such repre-
sentations. The court at the instance of plaintiff instructed the
jury that if they "should find that plaintiff made no representations,
or if he made any that they were true, or if he made representations
that were untrue but defendant did not rely upon them, or knew
to the contrary, the jury could not find the issue of fraudulent rep-
resentations." Held, proper.

7. Instructions: FALSE ISSUE. It is not only the office of instructions
to inform the jury as to the law of the issues raised, but when the
evidence is of such a character as might easily lead to the raising
of a false issue, the court ought to guard against such an issue by
appropriate instructions.

8. Contract: REPRESENTATIONS AND PROMISES DISTINGUISHED. A
fraudulent representation to vitiate a contract induced by it, is a
representation of a past or existing fact; but a promise is not a
representation, and when not a part of the contract, does not affect
it.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob
Klein,* Judge.

AFFIRMED.

*H. M. Pollard* for appellant.

(1) Either the demurrer to the petition or the motion to
strike out parts thereof should have been sustained. R. S.
1889, sec. 2043; Scott v. Robards, 67 Mo. 289; Marsh v.
Richards, 29 Mo. 99; Mooney v. Kennett, 19 Mo. 551;
Mitchner v. Holmes, 117 Mo. 185. (2) Plaintiff, against
the objections of defendant, was permitted to offer irrelevant

evidence damaging to defendant, and also to offer improper evidence in rebuttal; and on the other hand the court refused defendant permission to show the facts which induced it to enter into the contract; and furthermore, it refused defendant permission to show that the statements made by plaintiff at the time the contract was executed and which induced its execution, were false; all of which is reversible error.   (3) The value of board and lodging while plaintiff was not on the road for defendant did not constitute an element of plaintiff's damages.   Brown v. Baldwin, 37 N. Y. 363; Brunner v. Wheaton, 46 Mo. 363; Huse v. Heinze, 102 Mo. 245; Ellis v. Harrison, 104 Mo. 270; Carter v. Arnold, 134 Mo. 195. (4)  Plaintiff's instructions 2, 3 and 4 were misleading and erroneous, and his eighth is exactly opposite to the law of the case.

*W. C. & J. C. Jones* for respondent.

(1) The first complaint in appellant's brief is that the petition unites in one count two causes of action, one for damages for a wrongful discharge, and one for services actually rendered.  The point was raised by demurrer, and only because of the court's action on his demurrer does counsel complain here.   But the defendant did not stand on its demurrer.   On the contrary, it not only failed to except to the court's action in overruling the demurrer and to preserve its exception by a proper bill of exceptions but answered over, thereby waiving the error of the court in holding the petition good against its attack, if any error was thereby committed.   Scoville v. Glassner, 79 Mo. 449; Pickering v. Telegraph Co., 47 Mo. 457; Fuggle v. Hobbs, 42 Mo. 541.   Aside from the question of waiver, however, the defendant has had all the advantage it would have had if its demurrer had been sustained, for it raised precisely the same question by motion to require the defendant to elect on which of the causes pleaded it would go to trial; the court sustained its motion; the plaintiff did

elect to stand on his action for damages, and waived, in so far as this proceeding is concerned, his claim for services rendered prior to his discharge.   (2)   The measure of damages in an action by a servant for wrongful discharge is the contract price, subject to such deductions as the defendant may show by the evidence.   Boland v. Glendale Quarry Co., 127 Mo. 522; Hansard v. Menderson, 73 Mo. App. 584; Booge v. Railroad, 33 Mo. 212; Priest v. Deaver, 22 Mo. App. 282; Saursin v. Salorgne, 14 Mo. App. 486; Ream v. Watkins, 27 Mo. 516.   (3)   One element of damages which the plaintiff was entitled to recover was the reasonable value of the board and lodging of which he was deprived by reason of defendant's wrongful refusal to perform its contract, and the court so instructed.   Halsey v. Meinrath, 54 Mo. App. 336; 14 Am. & Eng. Ency. of Law (1 Ed.), 781; Hamill v. Foute, 51 Mo. 418.   (4)   The court properly admitted evidence to show the probability of plaintiff securing other employment during the unexpired term of his contract.   Miller v. Shoe Co., *supra*; Wood on Master and Servant, 245, 246; Koenig-kraemer v. Glass Co., 24 Mo. App. 124.   (5)   The terms of the contract were not doubtful, and the opinions of the parties as to its effect were not competent evidence.   Wetmore v. Crouch, 51 S. W. Rep. 738.

VALLIANT, J.—This is a suit for damages for an alleged breach of a contract for hire, plaintiff complaining that after being employed for a certain period he was discharged without cause.

The substance of the petition is that defendant is a corporation engaged in manufacturing and selling boots and shoes; that on December 27, 1895, it entered into a written contract with plaintiff employing him as a travelling salesman to sell its merchandise for a term of three years from March 1, 1896, he agreeing to subject himself to defendant's orders and devote his whole time and energy to its business and the

defendant agreeing to pay him for his services six per cent on the amount of his sales, within which he was guaranteed his travelling expenses and $250 a month, which contract is set forth *in haec verba* in the petition; that plaintiff entered upon the performance of his contract and continued therein until January 5, 1897, when defendant without cause and without plaintiff's consent wrongfully discharged him from its services, although he was willing, able and offered to continue therein; that the amount of plaintiff's wages for the unexpired period of the contract which he was prevented from earning by his wrongful discharge at the guaranteed sum of $250 a month was $6,500, that the expenses for his board and lodging which was included in his travelling expenses guaranteed was $3 a day amounting for the period above named to $2,340, that there were $400 due him for services performed before his discharge, making a total of $9,240 for which, with interest and costs, judgment was prayed. There was a demurrer to the petition on the ground that it embraced two causes of action in one count which was overruled. Appellants abstract also states that there was a motion to strike out parts of the petition, but that motion is not in the transcript of the record here.

Defendant's answer admits making the contract as stated, avers that for the period for which back wages are claimed defendant settled with plaintiff at $150 per month, which he received in full satisfaction for that period, admits that it discharged plaintiff on January 5, 1897, but avers that it had good cause for doing so, to-wit: the plaintiff having been theretofore in defendant's employ in like service and so up to the date of the contract in suit, represented to defendant, who had not at that time balanced or footed up plaintiff's account for the then last three months, that his sales for that period had exceeded those for the preceding three months of that year, and that he would, by his extraordinary efforts, very greatly increase his sales during the year 1896, and

promised that he would devote his whole time and best energies to the work he was to be employed to do; that defendant relied on those representations and promises and made the contract on that faith, but that the fact was, when the defendant came to balance the plaintiff's account under the old contract, it was discovered that his sales for the last three months thereunder showed a great falling off from that of the prior six months; that from the time of the execution of the contract sued on plaintiff neglected to devote his whole time and energy to defendant, but constantly and continuously neglected his duties and failed to carry out the terms of his contract. The answer also averred that plaintiff had brought two other suits in a justice's court for alleged breaches of this contract. Plaintiff replied denying the material allegations of the answer and averred that the two suits before the justice were dismissed before this suit was instituted. Upon the trial the evidence on the part of the plaintiff tended to sustain the cause of action stated in the petition. There was a verdict and judgment in his favor for $3,850, from which the defendant prosecutes this appeal. There will be no occasion to discuss the evidence on the part of either plaintiff or defendant except in relation to the points assigned as error.

I. At the beginning of the trial on motion of the defendant the court ruled that plaintiff should elect whether he would stand upon the cause of action stated claiming compensation for wages earned under the contract before his discharge, or that claiming damages consequent on the alleged wrongful discharge, upon which ruling the plaintiff elected to stand on the latter. As the plaintiff is not here appealing the correctness of that ruling is not now for review, but the result of the ruling was to obviate the difficulty, if there was such, aimed at by the demurrer, even if the point sought to be raised by the demurrer had not been waived as it was by pleading over.

Estes v. Desnoyers Shoe Co.

The petition however was obnoxious to a salutary rule of pleading which would have rendered it liable to demurrer if the demurrer had covered that feature. The defect in the petition is that it sets out the contract sued on *in haec verba* instead of pleading it by its legal effect. That form of pleading is to be considered none the less bad because it is not of uncommon practice even among learned lawyers. The rules of good pleading require that the instrument relied on should be pleaded by its legal effect, which requirement is not for mere form, but rests on substantial reason. The pleading is addressed to the court and should state the pleader's theory of his case, not leaving it to the court to construct a theory as best it may from the evidence set out, and not leaving his adversary in the dark as to what the theory advanced is, or what construction the pleader puts upon his contract. It is not a contest in which the combatants may catch as they can. If the contract is inartificially drawn so that its meaning or effect is obscure, it is but all the more important that the pleader advancing it should take the responsibility of stating its legal effect, leaving the instrument itself to be used as evidence, which is its only office. But the violation of this rule of pleading does not cause such a vital defect as would destroy the validity of the petition, and unless the objection is made to it for that reason, if the trial court suffers it to pass it will not be condemned in the appellate court. Such is the case with this petition. The demurrer filed did not reach this defect, and the petition was not defective in the respect specified in the demurrer.

II. It is objected by appellant that on the trial the plaintiff was permitted to testify as to the probable time he would have been on the road, or travelling, in fulfilling the contract. The contract did not contemplate that the plaintiff should be all the time on the road, but, as the evidence showed, there was a considerable portion of his time during which he would be in service in St. Louis and during that period there was no

obligation on the defendant to pay his living expenses. But the contract did provide that while he was travelling the defendant guaranteed his travelling expenses and $250 a month. If therefore in estimating the plaintiff's damages in this case he was entitled to have his board and lodging while on the road considered, it was proper to estimate by the best evidence available what proportion of his time would probably be occupied in travelling. That of course could only be estimated by witnesses who had experience in that kind of service either as travelling salesman themselves or as familiar with their customs. The evidence offered by plaintiff on this point was of the only kind of which the case was susceptible.

The action of the court in allowing the jury to take into consideration the board and lodging of the plaintiff for the period in which he would probably be on the road is one of appellant's most serious complaints. Appellant's contention is that because the contract did not provide for living expenses while he was at work in the city, and did contemplate that he should be here a part of the time and did subject him to the defendant's orders at all times, therefore under no circumstances, even in case he was wrongfully prevented by defendant from earning his wages and expenses stipulated, can he recover those expenses. If this be the correct rule then it follows that plaintiff can have no redress for a material item of loss that befalls him in consequence of defendant's wrongful act, and which is as susceptible of proof as any other item of damage ordinarily is.

The contract in question must be construed in the light of its general purpose, and its minor details must give way to that purpose. Whilst it is true the plaintiff was subject to defendant's orders, and it is so stipulated unreservedly in the contract, yet that means that he is subject to such orders *sub modo*, that is, in all matters of detail in carrying out the main purpose of the contract, which purpose was that he was to travel and sell defendant's merchandise, on a commission of

six per cent, in Arkansas and the Indian Territory. Whilst the defendant might have called him home to look after the trade from his territory in the city, yet it would have been a palpable breach of the contract to have called him to remain in the city entirely. When a contract is made in view of well established customs of the trade to which it relates it is to be construed in the light of those customs. Therefore if the plaintiff was otherwise entitled to have his board and lodging for the period in which he would probably have been on the road in carrying out his contract considered by the jury in estimating his damages, the fact that the proportion of his time which he was to spend in the city was, within the bounds of reason and within the view of the main purpose of the contract, subject to the will of the defendant would not deprive him of that element of his damages.

The learned counsel for appellant in his brief says that after diligent search he has been able to find "but one case which is exactly in point." That case is Brown v. Baldwin & Gleason Co., 13 N. Y. Sup. 893, which is a decision in general term of the Supreme Court of New York, whose decisions are entitled to great respect, although it is not a court of last resort, and although the reports of whose cases are not always as precise in detail as in final courts. The report of that case on this point is very meagre. Like this, the plaintiff had been employed as a travelling salesman for a definite period and discharged before the expiration of that period. Like this, the contract provided that the plaintiff was to have his travelling expenses paid. All that that court said upon that subject is this: "By the verdict plaintiff was awarded $220 expenses for 'board, car fare and lunches,' incurred when he was no longer in defendant's service, and while he was 'in buisness for himself.' We are aware of no principle or precedent which justifies this recovery." But in the case at bar the trial court did not allow a recovery covering plaintiff's board, car fare and lunches while in the city, but did allow an

estimate to be made of his living expenses for the period he would probably have been on the road, within the rates of what that living would have cost in the contemplated territory. For example, it would not be an unreasonable construction of the contract if the plaintiff during his travels took board at the best country taverns, but that would not justify him, after his discharge, in taking up his board at defendant's expense at the best hotels in the city. In the absence of stipulation on the point, the quality of the board is to be determined by good common sense and reason guided by the circumstances of the case. The only evidence that went to the jury showed that the price of board in the territory in which plaintiff was to travel was higher than similar board in St. Louis and it was within those bounds that the jury were permitted to consider the subject.

We do not construe the decision in Brown v. Baldwin & Gleason Co., *supra*, as holding that the plaintiff under the contract in this case, if wrongfully discharged, would not be entitled to have his reasonable living expenses, within the cost of such in the territory where he was to travel for the proportion of time during which he would probably be travelling, estimated in the damages he is entitled to recover, and we would not be persuaded by the decision if it did so hold, because we are satisfied that under such circumstances that is a proper element of recovery. We are cited to a decision of the Supreme Court of Maryland which takes the view held by the trial court, in this case, and we think it is entirely in accordance with reason and justice. [Hamill v. Foute, 51 Md. 418.] And our Kansas City Court of Appeals has so held. [Halsey v. Meinrath, 54 Mo. App. 335.]

The eighth instruction given at the request of the plaintiff of which appellant complains is in harmony with the view of the subject above expressed and the fourth instruction asked by defendant and refused presents the contrary view. The court ruled rightly on these two instructions. As to the

proportion of the salary in prospect at the time of the discharge, the jury were instructed, if they found for the plaintiff, to allow him the sum that that salary would amount to for the whole unexpired period of the contract less what the evidence showed he had or with reasonable exertions would be able to earn during that period. That is a proper measure of damages in that respect, and its correctness is conceded by defendant.

III. Appellant also assigns for error the giving of instructions 2, 3 and 4 for plaintiffs.

Instruction 2 is to the effect that if on the question of fraudulent representations inducing defendant to the contract, the jury should find that plaintiff made no representations, or if he made any that they were true or if he made representations that were untrue, but defendant did not rely upon them or knew to the contrary, the jury could not find that issue for defendant.

The answer set up that plaintiff as an inducement to the new contract represented to defendant that his sales for the past three months under the then existing contract exceeded those of the preceding three months and as defendant had not footed up his accounts it took his word for it and made the contract. There was some testimony tending to show that there were such representations and some to the contrary. The plea itself was weak, admitting or strongly implying that the facts were in the defendant's possession and shown on its books, only defendant had not footed up the account, and the evidence in its support was also weak showing that it was not until something over a year had elapsed before defendant availed itself of the information contained in its books and thereby found that it had been imposed on. If the defendant was entitled to go to the jury on that issue at all that instruction was a proper one in behalf of the plaintiff and was as favorable to defendant as could be asked.

The third instruction was to the effect that though the

plaintiff's sales for 1896 were smaller than they had been the year before yet that fact alone did not justify defendant in discharging him, if he devoted his whole time and energies to defendant's business and to the faithful performance of the contract on his part. Appellant complains that that raises an issue not made by the pleadings. The evidence for defendant tended to show that there had been a great falling off in plaintiff's sales, and although he attempted to account for that fact by showing that it was the consequence of short crops and low price of cotton in the territory of his work, yet if under the influence of such evidence the jury had concluded that that was justification for defendant in discharging the plaintiff, it would have been a conclusion in violation of plaintiff's contract rights, and he was entitled to have them know what the law on that point was.

The fourth instruction is to the effect that no question is raised as to the competency of the plaintiff to perform his duties as a travelling salesman and therefore his competency stands admitted. It is not only the office of instructions to inform the jury as to the law of the issues raised, but where the evidence is of a character as might easily lead to the raising of a false issue the court ought to guard against such an issue by appropriate instructions. This instruction was of that kind and justified by the evidence.

IV.    Appellant complains of the exclusion of its evidence offered to show that it was induced by plaintiff's fraud to enter into the contract. The alleged fraud pleaded in the answer consists of representations to the effect that his sales for the last three months had exceeded those of the previous three months, and his promise that he would greatly increase his sales for the ensuing year. The language of the answer following the statements alleged to have been made by plaintiff is, "Relying on these representations, promises and statements defendant executed the contract set out in the plaintiff's petition." Thus by the express terms of the answer the defend-

ant relied not only on representations but also on promises. We have read the record carefully and find that the learned trial judge carefully distinguished between the representations and the promises, allowing the defendant to introduce all the legal proof it had to establish the one, but excluded that offered to establish the other, and such ruling was entirely right.

A fraudulent representation to vitiate a contract induced by it is a representation of a past or existing fact, but a promise is not a representation, and when not a part of the contract does not affect it. Defendant has no ground to complain on that point.

It was admitted on the trial that the suits in the justice's court mentioned in the answer were dismissed before the institution of this suit.

The above are the only points in the record to which appellant has called our attention or in which it contends that error was committed. The case was tried carefully and well. We find no error in the record.

The judgment of the circuit court is affirmed. All concur, except *Robinson, J.*, absent.