Bernard, Adm'r, v. Mott.

TAYLOR BERNARD, Administrator of J. H. MACKIE, Deceased, Respondent, v. FREDERICK W. MOTT et al., Appellants.

**St. Louis Court of Appeals, May 7, 1901.**

1. **Referee, Findings of:** PRACTICE ACT: PRACTICE, APPELLATE: EQUITY. Where an action from its nature might have been referred without consent by the court under the authority of section 698, Revised Statutes 1899, of our practice act, the findings of the referee upon the evidence are open to review by the appellate court in the same manner in which the findings in a suit in equity are open to review.

2. **Pleading and Practice.** By answering over the defendant waives his right to ask, by bill of exceptions, for a review of the ruling of the court on a motion to strike out part of the petition.

3. ———. By answering, the pleader waives the issuance of process and enters his appearance, but he does not thereby convert the statement of a new cause of action into a mere amendment of a former.

4. ———: APPEARANCE, EFFECT OF, And in the case at bar, appellants have appeared to all the causes of action alleged in the last amended petition, but this does not disable them from urging the defense of the statute of limitations to any which were a fresh suit on a new cause of action when they appeared by answer.

5. **Custom, Presumption of.** No presumption arises that parties contracted with reference to a particular custom or made it a part of their agreement, when the record shows that the custom related to a particular class of which appellant was not a member.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED (*conditionally*).

### STATEMENT OF THE CASE.

James H. Mackie was a building contractor who completed the construction of some unfinished houses on lots owned by Frederick W. Mott and George H. Sauer, in the city of St. Louis. Several months thereafter, to-wit May 10, 1895. Mackie brought an action against Mott and Sauer in the circuit court, alleging that the work in question had been performed by him as their co-partner, and seeking a sale of the property and a division of the proceeds. A judgment in his favor in that action was reversed, without remand, upon an appeal by the defendants to the Supreme Court. Mackie v. Mott et al., 146 Mo. 230. Thereupon, on December 31, 1898, he brought the present suit wherein several petitions were filed, alleging in the last (the third amended petition) that he had contracted with the defendant on the eighth day of February to complete four partially-constructed residences belonging to them for the sum of eleven thousand, seven hundred and fifty-three dollars. according to certain plans and specifications; that he complied with his contract in full except as to certain modifications thereof, had at the instance of the defendants; that aside from said modifications he also, at the request of defendants, during the progress of the work, furnished additions or extras, itemizing the same and alleging they aggregated $2,562.44; further alleging that a ten per cent commission on the amount of the aforesaid extras was customary and reasonable. The petition then sets out the credits to which the defendants are entitled and claims a balance of three thousand three hundred and

Bernard, Adm'r, v. Mott.

forty-nine dollars and some cents. Among the items for extra work, the said third amended petition for the first time made a claim for the following: "Grading and sodding lots for said four houses, $147," which defendants moved to strike out as a statement of a new and different cause of action from any hitherto pleaded. To the action of the court overruling this motion, they filed a bill of exceptions, and thereafter filed an answer of a general denial, former adjudication of the Supreme Court, payment and the statute of limitations of five years, as a bar to recovery of said items of extra work.

The reply was a general denial. The case was referred and a report of the referee filed, showing in substance a finding by him that defendants accepted a bid for the doing of the work as alleged in the petition; that in the course of the performance of this contract, the defendants directed the contractor to furnish certain extras, which was done, and the reasonable value of which he was entitled to recover, to-wit: $2,105.44, allowing in this class $147 for the grading and sodding and making another allowance of ten per cent of the whole amount found to be due for extras.

The referee declined to give the defendants credit for certain claims of Dooly & Lancaster, The Central Mantle Company and James G. England, on the ground that two of these had been credited to defendants and the other was a claim solely against the estate of the contractor, who has died since this litigation began, which is now conducted by his administrator.

The referee also declined to give defendants credit for the costs accrued in the judgments against them establishing mechanics' liens against their property, on the ground that these should have been paid without suit.

He also declined to give them credit for an amount of two hundred and ten dollars paid by them on the order of plaintiff's

intestate, to Van Nort Bros., and so stated the account as to find a balance due the plaintiff as administrator of the contractor in the sum of $2,346.79, for which with interest he recommended the rendition of a judgment.

The exceptions of defendants to this report were overruled. Plaintiff made a remittitur of fifty-six dollars, whereupon the court rendered final judgment in his favor, from which this appeal is taken.

*Hornsby & Harris* for appellants.

(1) Plaintiff must recover in this suit on the contract pleaded, or not at all; having sued on an express contract he can not recover on a *quantum meruit.* Eyerman v. Mt. Sinai Cem. Ass'n, 61 Mo. 489. (2) Plaintiff failed to show an express contract. There was evidently a misunderstanding between the parties, and consequently no such meeting of minds as is necessary to constitute a contract. 1 Parsons on Contracts (8 Ed.), p. 491; Bishop on Contracts, secs. 30, 313; Robinson v. Estes, 53 Mo. App. 582-585; Mackie v. Mott, 146 Mo. App. 255; 7 Am. and Eng. Ency. of Law (2 Ed.), p. 113. (3) The charge made for grading and sodding defendants' lots, set up for the first time in plaintiff's third amended petition, filed December 15, 1899, constituted a new cause of action, and not an amendment to the cause of action already stated. Defendant's motion to strike this third amended petition from the files should have been sustained. The usual tests by which to determine whether the so-called amended petition is an amendment or the substitution of a new cause of action are: (a) That the same evidence will support both petitions. (b) That the same measure of damages will apply to both. Scovill v. Glassner, 79 Mo. 449; 1 Am. and Eng. Ency. Pl. and Pr., pp. 573-583.

Bernard, Adm'r, v. Mott.

*Seneca N. Taylor, Charles Erd* and *Seneca C. Taylor* for respondent.

(1) Defendants, having defeated recovery by plaintiff's intestate in a former suit by relying upon and proving the contract sued on, they are now estopped from denying its validity in this suit. Railroad v. Howard, 54 U. S. 307; Bondio v. Ins. Ass'n, 28 La. Ann. 140; Welsch v. Dameron, 47 Mo. App. 226; Michels v. Olmsted, 157 U. S. 200; Hempstead v. Easton, 33 Mo. 147; Bank v. ʾ Bank, 3 Mo. App. 371; Litchfield v. Crane, 123 U. S. 549. In Bondio v. Ins. Ass'n, 28 La. Ann. 140, the court says: "After having gained an advantage by judicially alleging and maintaining that the contract was valid in the suit decided, this defendant will not be listened to when setting up the nullity of the same contract. It would be inequitable to do so." In Railroad v. Howard, 54 U. S. 307 (L. Ed. 157), it was held: "If the defendants relied upon the deed to defeat the plaintiff in a former suit, they are estopped from denying its validity in this suit." (2) Said item of grading and sodding was not barred by the statute of limitations, although furnished more than five years before the filing of the third amended petition. The amendment introducing it related back to the filing of the suit, which was brought within the statutory period. Wheeler v. Milling Co., 73 Mo. App. 672, 677; Courtney v. Blackwell, 150 Mo. 245, 271; Barth v. Railroad, 142 Mo. 535, 548; Long v. Long, 141 Mo. 352, 368.

BOND, J.—This being an action which, from its nature, might have been referred without consent by the court under the authority conferred by our practice act, the findings of the referee upon the evidence are open to review by us in the same manner in which we could review the findings in a suit in equity. Bond v. Finley, 74 Mo. l. c. 25, and cases cited; R. S.

1899, sec. 698.    We are satisfied, however, that the preponderance of the evidence supports the finding of the referee that there was a contract between defendants and plaintiff's intestate, Mackie, for the completion of four partially-constructed buildings, which contract embraced by subsequent agreement the doing of certain extra work.    We, therefore, rule against the contention of appellants that there was no evidence of the contract sued on.

Neither are appellants in a position to question the ruling of the court in refusing to strike out the cause of action alleged in the petition upon which the case went to trial, for the sodding and grading of the lots.    It is true appellants filed their bill of exceptions to the adverse ruling of the court on this motion, but they subsequently filed an answer to the petition as a whole. This was a waiver of their right to ask for a review in this court of the ruling on the motion to strike out.    Liese v. Meyer, 143 Mo. 547.    By answering over, in the eye of the law, they entered an appearance to all the causes of action alleged in the petition, whether they were mere matters of amendment proper, or embraced substantially different causes of action.    This, however, did not prevent appellants from making any and all defenses to which the allegations of the amended petition laid it open.    If the new matter contained therein is merely the different statement of a previously alleged cause of action, it was only an amendment thereof, and relates back to the time of the bringing of the suit.    On the other hand, if the new matter consisted of a distinct cause of action substantially different from any hitherto pleaded, it did not relate back to the commencement of the suit, but is open to any and all defenses which attached at the time it was first alleged.    Buel v. St. Louis Transfer Co., 45 Mo. 562; Lilly v. Tobbein, 103 Mo. l. c. 480; Baker v. Railroad, 34 Mo. App. l. c. 113.    By answering, the pleader waives the issuance of process and enters his appear-

ance, but he does not thereby convert the statement of a new cause of action into a mere amendment of a former. So in the case at bar, appellants have appeared to all the causes of action alleged in the last amended petition, but this does not disable them from urging the defense of the statute of limitations to any which were a fresh suit on a new cause of action when they appeared by answer.

The allegation of a cause of action for sodding and grading the lots appears from the record never to have been relied upon until the fifteenth of December, 1899, or more than five years after the work in question had been performed and a cause of action had arisen therefor. It constituted a distinct and separate ground for recovery: it was not an amendment of another item or charge for extra work in the account therefor filed by respondent, but was an isolated transaction wholly unconnected with anything previously alleged, and if it was the purpose of the contractor to present a demand therefor, he should have done so within the time prescribed by the statute of limitations pleaded in the answer. We think the referee erred in basing any allowance against appellants for this demand, and that the exceptions, therefore, should have been sustained by the learned circuit judge.

Neither are we able to concur with the referee in declining to give appellants the benefit of a credit of two hundred and ten dollars, paid by them to Van Nort Bros. In support of their right to a credit of this sum, the appellants gave evidence of an account therefor made out in favor of Van Nort Bros. against J. H. Mackie, dated October 31, 1894, sent to them accompanied by the following written order:

"St. Louis, November 26, 1894.
"Mr. F. W. Mott, 6 North Eighth street:
"Dear Sir:—Please pay to Van Nort Bros. two hundred

and ten dollars, for electric fixtures done on *your* four houses on Flad avenue, and oblige,

"Yours respectfully,
"J. H. MACKIE."

It is admitted appellants accepted the foregoing order and paid the amount thereof to Van Nort Bros. This being so, they were unquestionably entitled to receive a credit for that sum unless the contention of respondent is true, that in paying this sum, appellants only paid their own debt for work not embraced in the plans and specifications. In support of this contention, respondents have not called our attention to any evidence whatever. We, therefore, rule that the referee erred in refusing to credit the aforesaid sum to appellants.

It is by no means clear that appellants are not entitled to a credit for the amounts of the judgments paid by them in favor of Dooly & Lancaster and the Central Mantle Company, but giving the finding of the referee excluding these items as a credit for appellant the benefit of the want of certainty in the testimony bearing upon them, he clearly erred in denying appellants the right to the costs which they were compelled to pay upon these judgments, for the statute expressly provides "and in case of judgment against the owner or his property upon the lien, he shall be entitled to deduct from any amount due by him to the contractor, the amount of such judgment and costs." R. S. 1899, sec. 4223.

The referee also embodied in his findings a charge of ten per cent in favor of respondent upon the aggregate cost of all the extra work. The basis for this claim was a statement in plaintiff's petition that such an allowance "is the usual, customary, fair and reasonable commission and profit upon such extra work, and which by custom the owner is obliged to pay to the original contractor." There is no evidence in this record

that appellants were apprised of any such custom, or contracted with plaintiff's intestate in view of such uses. The custom, if it exist at all, relates to a particular class, of which appellants were not members, and, as far as this record shows, was confined to a particular locality; hence, no presumption arises that the parties contracted with reference thereto or made it a part of their agreement. Stafford v. Railroad, 43 Mo. App. l. c. 342; Long Bros. v. J. K. Armsby Co., 43 Mo. App. l. c. 268. We think the referee erred, therefore, in finding that appellants should pay this sum. It was no part of the cost of the extra work, all of which was an incident of the larger contract out of which the respondent's intestate may be presumed to have reaped a reasonable profit, which constituted his motive for entering therein and which should not be enhanced by charges in excess of the reasonable value of the extra work done in connection with the performance of such contract.

Unless within five days the respondent will recast his account against appellants, in accordance with the views expressed herein, and file a remittitur of so much of his recovery against appellants as will thus result, the judgment herein will be reversed and the cause remanded; otherwise, it will be affirmed, respondent to pay the costs of this appeal. All concur.