CATHERINE MANKAMEYER, Respondent, v. J. C. EGELHOFF, Appellant.

**Kansas City Court of Appeals, March 3, 1902.**

1. **Trial Practice**: MOTIONS TO STRIKE OUT AND TO MAKE MORE DEFINITE: WAIVER. Answering over and going to trial waives the overruling of motions to strike out an amended petition and to make the same more definite and certain.

2. ————: OBJECTION TO TESTIMONY: BILL OF EXCEPTIONS: PEREMPTORY INSTRUCTIONS. Where the bill of exceptions does not contain any of the evidence the appellate court can not consider objections to the admission of evidence or to the refusal of peremptory instructions.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Frank Titus* for appellant.

(1) The motion of defendant to strike out the last amended petition of plaintiff should have been sustained. Burnham v. Tilley, 85 Mo. App. 457; Scovill v. Glasner, 79 Mo. 449; Heman v. Glann, 129 Mo. 325, 335; Liese v. Meyer, 143 Mo. 547, 556; Griswold v. Walker, 66 Mo. App. 35; Railroad v. Wyler, 158 U. S. 285; Schneider v. Railroad, 75 Mo. 295; Ramsey v. Henderson, 91 Mo. 560; McClanahan v. West, 100 Mo. 309, 322; Knoop v. Kelsey, 102 Mo. 291, 298; Huston v. Tyler, 140 Mo. 252, 263, 264; Magruder v.

Admire, 4 Mo. App. 133; Railroad v. Bliss, 104 Ind. 15. (2)   The motion of defendant to require the last petition of plaintiff to be made definite and certain should have been sustained.   Waldhier v. Railroad, 71 Mo. 514; Peerless v. Stone Co'y., 143 Ind. 574; Wills v. Railroad, 44 Mo. App. 51; Benham v. Taylor, 66 Mo. App. 308, 311; Mellor v. Railroad, 105 Mo. 455, 466; Macadam v. Scudder, 127 Mo. 345, 355; Hart v. Park Club, 157 Ill. 9; Whalen v. Citizens Co., 151 N. Y. 70; McCauhey v. Schutte, 117 Cal. 222; 1 Greenleaf on Evidence, p. 220; Goetz v. Ambs, 27 Mo. 28; Callahan v. Ingram, 122 Mo. 355, 371; Pierce v. Carpenter, 65 Mo. App. 191; Franz v. Hilterbrand, 45 Mo. 121; Parsons v. Railroad, 94 Mo. 286, 299; Carson v. Smith, 133 Mo. 606, 617; Sloan v. Speaker, 63 Mo. App. 321, 324; Laws 1895, p. 168; State v. Silk, 145 Mo. 249; Trauerman v. Lippincott, 39 Mo. App. 478; Linville v. Rhoades, 73 Mo. App. 222; Barr v. Railroad, 10 Ind. App. 433.

*Amos H. Kagy* and *J. H. Bremerman,* for respondent.

(1)   The petition is attacked because it is claimed there is a departure, and if we grant this to be true, which we do not, defendant answered the petition and went to trial upon it, which is a waiver of any error the court may have committed in refusing his motion.   So of the motion to make more definite and certain.   Liese v. Meyer, 143 Mo. 547, and cases cited.

ELLISON, J.—This action is to recover damages for personal injury.   The charge being that defendant's agent and servant so negligently managed his horse that it ran away and collided with plaintiff, throwing her from a buggy in which she was riding.   The judgment was for plaintiff.   Defendant appealed the case to the Supreme Court on the ground that there was a constitutional question involved.   That court trans-

ferred·the case here on the ground that no constitutional question was in the case.     161 Mo. 200.

About all the complaints against the judgment left to defendant were waived by his answer. ` He moved to strike out amended petition.     He then moved to make it more definite and certain.     These were waived by answer and going to trial.

There are a number of objections to the court's action on the evidence and in twice refusing a peremptory instruction offered by defendant.     The bill of exceptions does not contain any of the evidence, and we are thus without legal information of the correctness of defendant's complaint.

An examination of the entire record satisfies us that there is no ground upon which we can interfere with the judgment and it is accordingly affirmed.     All concur.