GRYMES, Respondent, v. LIEBKE HARDWOOD MILL AND LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, March 7, 1905.

1. **PLEADING: Amendments.** A petition may be amended at any time before final judgment on such terms as are proper.

2. ———: ———: **Timely Objection.** If an amended petition is filed stating a new cause of action, the defendant must, in order to avail himself of his right, move to str.ke out, and in the event the motion is ruled against him, must stand on the motion and appeal.

3. ———: ———: **Waiver.** Even though an amendment changes a cause of action, if the opposing party pleads over and goes to trial thereon, he waives his right to object.

4. ———: ———: ———: **Evidence.** Where an amended petition was filed setting up a new contract not pleaded in the original petition, and the defendant did not object to the amendment, evidence was properly admitted in proof of such contract.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Roberts & Corbett* for appellant.

(1) Amendments shall be allowed on terms which are not prejudicial to the other party. Stewart v. Glenn, Admr., 58 Mo. 486; Timber and Iron Co. v. Cooperage Co., 112 Mo. 388, 20 S. W. 566; Tower v. Pauley, 67 Mo. App. 635; Carr v. Moss, 87 Mo. 450. (2) A petition cannot be so amended, even under the liberal provisions of the code, as to state an entirely different cause of action from the one declared on in the original petition. Heman et al. v. Glann, 129 Mo. 325, 31 S. W. 589; Barker v. Railroad, 91 Mo. 86, 14 S. W. 280; Habel. v.

Railway, 140 Mo. 159, 41 S. W. 459; Bricker v. Railway, 83 Mo. 394; Owens v. Railroad, 58 Mo. 395; State v. Harmon, 106 Mo. 657, 18 S. W. 128; Lancaster v. Ins. Co., 92 Mo. 467, 5 S. W. 23.    (3)    The amended petition was clearly a departure in pleading, as the original petition declared unequivocally on a written contract, while the amended petition declared on a subsequent parol contract, abandoning the cause of action set up in the original petition, and setting up the written contract simply as matter of inducement.

*Brewer & Collins* for respondent.

Defendant having gone to trial on the amended petition, waived the error, if any, in permitting the amendment.    Scovill v. Glasner, 79 Mo. 449; Hill v. Morris, 21 Mo. App. 256; Hurley v. Railway, 57 Mo. App. 675.

STATEMENT.

Plaintiff brought his suit in the circuit court of Pemiscot county, declaring on a written contract theretofore entered into between defendant and himself whereby he sold and agreed to deliver to defendant, and defendant agreed to receive, on the bank of the Mississippi river, near Stewart's Landing, certain ash timber or saw logs of kinds and quality described, at the prices therein named; alleged full performance on his part and that defendant had taken up and paid for a portion of said timber but declined and refused to accept, receive and pay for the remainder thereof, and asked judgment for the breaches of the contract assigned.

Defendant filed an answer to said petition.

Afterwards, plaintiff filed his amended petition setting up the same written contract alleged in the original petition, which provided for the delivery of eighty thousand feet of good smooth ash logs, etc., at the prices and within the time named, at said landing, and also alleged

a subsequent parol enlargment of said written contract between the same parties whereby defendant had requested him to put out or deliver at said place all the ash logs he could get thereabouts of the kind, description and dimensions in said prior written contract mentioned, at the same price, and that the defendant would pay the same prices therefor; alleged that in compliance with said written contract, subsequently enlarged by said parol contract, he had delivered at said point ninety-one thousand and five hundred feet of logs and that defendant had paid him part thereon but refused to accept and pay for the remainder of said logs to his damage in the sum of $576.52, for which he asked judgment.

The amended petition was filed on the fifteenth day of December, on the fourth day of the term. No further answer was filed thereto. No objection of any kind appears in the record to the filing of the amended petition at the time. Two days thereafter, on the sixth day of the term, December seventeenth, the cause came on for trial. It seems the court and the parties treated the original answer filed as an answer to the amended petition also and on the issues thus made up the case was tried to the court without a jury. No objection was made to the sufficiency of the amended petition nor was the Statute of Frauds pleaded as a defense thereto. Plaintiff's evidence tended to prove the facts alleged in the amended petition. Defendant's evidence, as well as his answer, admitted the contract; admitted the delivery of the logs and was to the effect that it had made certain payments on the logs but that the remainder of the logs delivered, which it refused to accept, were all of inferior quality and were so banked on the river that it was practically impossible for the defendant to load and ship the same, and sought to justify the breach alleged thereby.

There were no instructions asked by either party.

There are but two exceptions in the record. The court found the issues for the plaintiff and entered judgment thereon.

The case is here by appeal. The errors assigned are, first, error of the court in permitting plaintiff to file an amended petition declaring on a new and independent cause of action from that set up in the original petition, after the cause had been submitted and during the trial; second, error of the court in permitting plaintiff to introduce evidence of the parol contract set up in the amended petition, but not declared on in the original petition, over defendant's objection; third, error of the court in refusing to grant defendant a new trial after he had permitted evidence of the parol contract not declared on in the original petition to be introduced to defendant's prejudice and over defendant's objections; fourth, that the finding of the court should have been for the defendant.

NORTONI, J. (after stating the facts).—1. The record does not show that the amended petition was filed after the cause had been submitted to the court, as alleged in the first error assigned, but on the contrary it shows that it was filed two days prior thereto; but this is wholly immaterial here. Plaintiff had a right to an amendment as a matter of course, and if defendant had objected thereto or felt aggrieved thereby, it could have asked a continuance. R. S. 1899, sec. 688. The amendment could have been permitted at any time before final judgment on such terms as may have been proper. R. S. 1899, sec. 657. It is a fact that while our statutes are liberal in allowing amendments, a party is not permitted to substitute an entirely new and different cause of action by the amendment. Heman v. Glann, 129 Mo. 325, 31 S. W. 589. It is well settled in this State, however, that a party must, in such case, in order to avail himself of his rights therein, move to strike out, and in event

such motion is ruled against him, stand on the motion, and appeal, in order to have the action of the trial court reviewed thereon.    Even though an amendment changes a cause of action and is a clear departure, if the party pleads over and goes to trial thereon, he waives his right to object.    Scovill v. Glasner, 79 Mo. 449; Fuggle v. Hobbs, 42 Mo. 537; State ex rel. v. Bank, 160 Mo. 640, 61 S. W. 676; Estes v. Shoe Co., 155 Mo. 577, 56 S. W. 316; Hill v. Morris, 21 Mo. App. 256; Hurley v. Railway, 57 Mo. App. 675; Mankameyer v. Egelhoff, 93 Mo. App. 183; Thompson v. Cummings, 39 Mo. App. 537; Bernard v. Mott, 89 Mo. App. 403; Burnham & Co. v. Tillery & Co., 85 Mo. App. 453; Shuler v. Railway, 87 Mo. App. 618.    The only cases to be found where reversals have been had on account of such amendments are where the parties have stood on their motion and refused to plead further.    Scoville v. Glasner, and cases cited above.

In Hill v. Morris, 21 Mo. App. 256, the party objected and excepted to an amendment, took a bill of exceptions thereon, then pleaded over and went to trial. This court said: "This ruling is not before us for review, because, by pleading to the third amended petition, and going to trial, the defendants waived their objection to it."

In the case at bar defendant neither moved to strike out the amendment, nor is there any objection in the record by it thereto, but joined issues thereon, went to trial and was defeated.    It would not have changed the case any, however, had objections and exceptions been made at the time in view of its answering over and participating in the trial thereon.    There is no merit in this assignment, therefore, it is overruled.

When plaintiff was on the stand his counsel asked him what defendant's agent had said to him, if anything, after the written contract was made, about getting out an amount of timber in excess of the amount called for in said written contract, to which defendant objected as follows: "Objected to by counsel for defendant because

Grymes v. Mill & Lumber Co.

not sued for and not set out in the first petition." The objection was overruled and exception noted. On this objection the second assignment of error is based. It was immaterial whether the contract which this evidence was elicited to prove was set up in the original petition or not; it was set up in the petition then before the court and on which the case was being tried. The evidence which this question sought to bring out was probative of the contract then on trial. The time to have made this point was before joining issues on the amended petition by a motion to strike out the amendment, for the reason the contract pleaded therein was not the same contract pleaded in the original petition. Had plaintiff made the point then and stood thereon, refusing to plead further, the question, as to whether or not the amendment changed the cause of action, and was for that reason a departure, would then have been open for review here but, as it is, no such question is before this court and therefore not in decision. The second assignment must be ruled against plaintiff.

The third assignment is that the court should have granted a new trial because of error in permitting the introduction of evidence to prove the contract set up in the amended petition. What has been said on the first and second propositions submitted is sufficient on this.

The fourth assignment is that the finding should have been for defendant. With this we have nothing to do, if there is substantial evidence to sustain it. There is not only substantial but an abundance of evidence to justify the court in finding as it did. The appellant cites many authorities; none of them are in point here, however. The appeal in this case is frivolous.

The judgment should be affirmed and it is so ordered. All concur.