Security T. & S. Bank v. Ravel, 24 N. M. 221.

[No. 2133, June 13, 1918.]
# SECURITY TRUST & SAVINGS BANK v. RAVEL.

### SYLLABUS BY THE COURT.

1. Where a trial amendment is improperly allowed, under Code 1915, § 4162, it is the duty of the complaining party to either object to the filing or to move to strike it out, and, if his motion is ruled against him, to stand thereon and appeal; and, though the amendment changes the cause of action and is a clear departure, a party pleading over and going to trial thereon waives his right to object. P. 224

2. Where one unconditionally guaranteed payment of a note, the law of Texas, where the guaranty was executed, is that the extension of the time for payment of the note, not predicated upon an agreement does not operate to discharge the guarantor. P. 224

3. In an action against the unconditional guarantor of a note, evidence *held* not to show any valid extension of the time for payment of the note, such as would release the guarantor. P. 224

4. In such action, where there was no evidence to show an extension of time for payment, an instruction based on that theory was erroneous. P. 224

5. The mere giving of time to a creditor, without the knowledge and consent of the guarantor, and without a binding, valid agreement to that effect for a definite time and for a consideration, will not discharge the surety. P. 224

6. Where it is impossible for the Supreme Court to say whether the jury considered or based its verdict upon an improperly submitted issue, the cause must be reversed and remanded to the district court, with direction to grant appellant a new trial. P. 226

Appeal from District Court, Luna County; Ryan, Judge.

Suit by Security Trust & Savings Bank against Sam Ravel. Judgment for defendant and plaintiff appeals.

Reversed and remanded, with direction to grant a new trial.

W. H. WINTER, of Hill, and VAUGHT & WATSON, of Deming, for appellant.

Court erred in permitting amendment of pleading setting up defense of release.

Sec. 4162, Code 1915; Loretto etc. Soc. v. Garcia, 136 Pac. 858; Candalaria v. Miera, 134 Pac. 829.

R. F. HAMILTON, of Deming, and M. W. STANTON, of El Paso, Tex., for appellee.

No error in permitting trial amendment.

Subsec. 77 Sec. 4143, subsec. 96 Sec. 4162, subsec. 107 Sec. 4173, Code 1915; Bogie v. Nolan, 96 Mo. 85; Butler v. Edgarton, 15 Ind. 15.

OPINION OF THE COURT.

ROBERTS, J. Appellant sued appellee in the district court of Luna county on a judgment claimed to have been rendered in its favor by the district court of El Paso county, Tex. That judgment was rendered in a suit instituted on a promissory note executed to appellant by Tri State Amusement Company, the payment of which was guaranteed in writing by appellee, Bernard Schuster and A. E. Schuster. Appellee filed an answer to the complaint in the district court of Luna county, setting up that he had not been served with process in the Texas suit and had not appeared in such action; that the attorneys who entered their appearance in such suit did so without authority from appellee, and without his knowledge or consent. Appellant, upon the filing of such answer, filed an amended complaint suing in the alternative upon the promissory note, the payment of which had been guaranteed by appellee, as stated. Appellee filed answer, setting up as a defense to the count of the complaint, suing upon

the note, that the guaranty had been executed by appellee without consideration.   As a second defense he pleaded that he had been induced to guarantee the payment of the note by false and fraudulent representations made to him by the agents of appellant.   Appellant replied, denying the allegations of the answer.   The cause was tried to a jury, and, after defendant had introduced practically all of his evidence, his attorneys asked leave of court to file a trial amendment, setting up the fact:   That the contract was executed in Texas and was to be performed there.   That under the law of Texas it is provided (article 6329) that:

"Any person bound as surety upon any contract for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute suit upon such contract."

That it is further provided by article 6337, which is old or former number 3819, that:

"The remedy provided for sureties by this title extends to indorsers, guarantors, drawers of bills which have been accepted, and every other suretyship, whether created by express contract, or by operation of law."

That under the law of Texas any valid extension without notice to and consent of such guarantor or surety releases such guarantor or surety.   That the time of payment of the note in suit had been extended by a contract made, from time to time, by and between appellant and Arthur E. Schuster, one of the guarantors, all without notice to or the consent of appellee.   The trial amendment contained other allegations not material here.   The appellant objected to the filing of the trial amendment, but his objections were overruled, whereupon he filed a reply to the same. Thereupon the trial proceeded, and the jury, after instruction, returned a general verdict for the appellee upon both counts of the complaint.   Judgment was en-

tered upon the verdict, from which this appeal is prosecuted.

[1] Appellant has filed 42 assignments of error, and, as is usually the case where a great number of errors are assigned, very few are discussed in such a manner as to render the court any real assistance. We shall not undertake to consider them all. The first to which we will refer is the alleged error on the part of the court in permitting appellee to file the trial amendment. It is contended that this action was improper because the trial amendment stated an entirely new defense, and that it could not be filed under the provisions of section 4162, Code 1915. This statute is much like the Missouri statute upon the same subject, and the courts of that state uniformly hold that, where such an amendment is improperly allowed, it is the duty of the complaining party to either object to the filing or move to strike out such an amendment, and in the event such motion is ruled against him, to stand on the motion and appeal in order to have the action of the court reviewed thereon; that, even though the amendment changes the cause of action and is a clear departure, if the party pleads over and goes to trial thereon, he waives his right to object. Grymes v. Mill & Lumber Co., 111 Mo. App. 358, 85 S. W. 946; Scovill v. Glasner, 79 Mo. 449; Fuggle v. Hobbs, 42 Mo. 537; State ex rel. v. Bank, 160 Mo. 640, 61 S. W. 676; Estes v. Shoe Co., 155 Mo. 577, 56 S. W. 316; Hill v. Morris, 21 Mo. App. 256; Hurley v. Railway, 57 Mo. App. 675; Mankameyer v. Egelhoff, 93 Mo. App. 183; Bernard v. Mott, 89 Mo. App. 403; Burnham & Co. v. Tillery & Co., 85 Mo. App. 453; Shuler v. Railway, 87 Mo. App. 618. Under this rule, which we are persuaded is correct, the appellant waived his objections to the trial amendment by replying thereto and going to trial on same.

[2-5] The seventh point discussed by appellant is to the effect that the court committed error in permitting M. W. Stanton to testify as to sections 6329 and 6337 of the Revised Statutes of Texas, and as to the con-

struction placed upon the same by the courts of Texas. These sections are referred to in the statement of facts, and need not here be set out. The grounds of objection were that there were no proper pleadings, and that there was no evidence of any extension or of any release. The seventeenth point is directed to alleged error upon the action of the court in giving instruction No. 28 to the jury. This instruction was based upon the theory that there was evidence of the fact that the appellant had extended the time of the payment of the note without notice to appellee and without his consent, and that under the law of the state of Texas, as shown by the evidence, such an extension released the guarantor. The giving of this instruction was objected to on the ground that there was no evidence of an extension of the time of payment of the note. As these points are related, they will be discussed together. The only witnesses who testified as to having knowledge in reference to the questions of extension, interest payments, and releases were A. D. Schuster, who testified on behalf of appellee, and W. L. Gaines, the vice president of appellant bank. Schuster's testimony on this point was as follows:

"Q. On making those payments (interest) what arrangement did you have with Mr. Gaines in reference to them? A. No arrangement at all. * * * Q. Was the time of payment extended at those times? Q. Well, tell what was done when you paid up to October 20, 1913; what was the understanding then? A. When I paid the interest there, Mr. Gaines said: 'We will carry this along as long as possible, but you have got to keep the interest paid anyway. * * * Q. * * * Why did they not sue on the note? A. Because I asked them not to, to let it ride along. Q. * * * Was there any understanding with Mr. Gaines that he would not sue on the note as long as you kept the interest paid, or whether he could carry it? A. He told me to keep the interest paid on it, and they would carry the matter along indefinitely."

Gaines testified positively that there had been no extension of the time of the payment of the note mentioned; that the interest had been paid from time to

time on the note by Schuster as it became due; that no demand had ever been made upon any of the parties for the payment of the principal. The guaranty sued upon in the present case was an unconditional one, and the law in Texas, as in most of the other jurisdictions, is, where there is an unconditional guaranty or undertaking, that the indulgence of the principal in extending the time of payment, not predicated upon an agreement, will not operate as a discharge of the guarantor in such an undertaking as the one sued on. Tobin Canning Co. v. Fraser, 81 Tex. 407, 17 S. W. 25. The mere giving of time to a creditor without the knowledge and consent of the guarantor, without a binding, valid agreement to that effect for a definite time and for a consideration, will not discharge the surety. Payne v. Powell, 14 Tex. 600; Hunter v. Clark, 28 Tex. 159; Claiborne v. Birge, 42 Tex. 98; Andrews v. Hagadon, 54 Tex. 571; Houston v. Braden (Tex. Civ. App.) 37 S. W. 467. Here there was no evidence of a valid agreement extending the time of payment of the note. All that Schuster did was to pay the past-due interest on the note from time to time, upon the payment of which appellant agreed that the note might run on indefinitely, so long as the interest was paid.

[6] The facts as testified to by Schuster fall far short of establishing the fact that there was any valid extension of time of the payment of the note such as, under the law, would release the guarantor. For this reason the court was in error in giving the instruction to the jury. As it is impossible for this court to say whether or not the jury took into consideration or based its verdict on this issue thus improperly submitted (4 C. J. 1023) the cause must be reversed and remanded to the district court with instructions to grant appellant a new trial; and it is so ordered.

HANNA, C. J., and PARKER, J. concur.